# EGOFF ET AL. *v.* BOARD OF CHILDREN'S GUARDIANS OF MADISON COUNTY.

[No. 20,986.   Filed April 1, 1908.]

1. ADOPTION OF HEIRS.—*Parties.—Infants.—Parent and Child.— Board of Children's Guardians.—Review of Judgment.*—In a proceeding for the adoption of children who had been taken, by order of court, from the parents and given to the board of children's guardians, the parents are not necessary parties, and, not being parties, are not entitled to a review of the judgment.   p. 244.

2. PLEADING.—*Complaint.—Custody of Children.—Recovery of.— Collateral Attack.*—Where a complaint affirmatively shows that the parents of a child were present in court defending against a petition to take from them the custody of their child, the court is shown to have had jurisdiction of the persons and of the subject-matter of the action.   p. 245.

3. NEW TRIAL.—*Surprise.—Excusable Neglect.*—Where parents are present, personally and by attorney, and defend against a petition to take from them the custody of their child, they cannot,

without taking the proper exceptions, or moving for a new trial, secure another trial of such case, even though the trial judge announced, when the petitioner was introducing evidence, that sufficient evidence to take the custody from the parents had been introduced. p. 245.

4. APPEAL.—*Waiver of Errors.*—Alleged errors are waived where no exceptions were reserved. p. 246.

5. NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—A new trial will not be granted, where the alleged newly-discovered evidence would probably not change the result, and where no diligence was shown in trying to secure same before the trial. p. 247.

6. CONSTITUTIONAL LAW.—*Board of Children's Guardians.*—*Parent and Child.*—*Custody.*—The act of 1901 (Acts 1901, p. 369, §3657 *et seq.* Burns 1908), providing that, upon petition to the circuit court, and notice to the parents or those in custody of children, for due cause shown, the custody of such children shall be taken from such parents or persons having such custody, and vested in the board of children's guardians, is constitutional as a proper exercise of the police power. p. 247.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Jack Egoff and another against the Board of Children's Guardians of Madison County. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Gregory & Lotz,* for appellants.
*Walker & Foster* and *Gray & Kent,* for appellee.

JORDAN, J.—This action was instituted by Jack and Nora Egoff, appellants herein, to review and set aside a certain judgment rendered by the Madison Circuit Court in a proceeding wherein the Board of Children's Guardians of Madison County was plaintiff and the appellants were defendants. By the judgment rendered in said action the custody of a female child, known as "Myrtle Egoff," then about the age of five years, was given to said board. The complaint is in three paragraphs, to each of which a demurrer, alleging insufficiency of facts, was sustained. Thereupon appellants refused to plead further, but elected to abide by their complaint.

The errors assigned relate to the rulings of the court upon the demurrer. The first paragraph alleges that on Novem-

ber 9, 1905, the Board of Children's Guardians of Madison County, Indiana, commenced in the Madison Circuit Court a suit against these plaintiffs. The complaint in said action was verified by the oath of Sarah E. Campbell, the secretary of the board, and, omitting the formal parts thereof, is as follows: "Said plaintiff complains of said defendants and says that said defendants, who are residents of said county and State, have possession of· a female child of about five years of age known as 'Myrtle Egoff;' that said·defendants are the reputed father and mother of said child; that said defendants do not furnish sufficient food and clothing for said child to keep the same in a degree of comfort necessary for its health and proper growth and development; that said Jack Egoff is vulgar and profane in his language before said child and in his family; that he compels said child to remain frequently with him in bed a large part of the day, and treats her with a degree of familiarity that is revolting and debasing to the child; that he is drunken in his habits, and degenerate in his character and conduct in his family, and . that it would be for the best interests of said child for the same to be taken charge of by this plaintiff and removed from the care. and custody of both of said defendants; that the defendant Nora Egoff is not capable of sustaining and supporting said child separate and apart from said Jack Egoff, and is not able to protect said child from the evil influences of her said husband; that this board has been informed and has reason to believe that said child does not belong to said defendants and is not their child and offspring." Here follow averments to show that the child is about to be removed beyond the jurisdiction of the court, etc. The prayer of the complaint is "that the court inquire into the facts, that said child be given to the care, custody and possession of the board until the further order of this court, to the exclusion of both of said defendants, that a warrant issue at once for the possession of said child, and that the court make such order as may seem best under the circumstances."

It is alleged that these plaintiffs appeared in court, in person and by their attorney, and demurred to this complaint for insufficiency of facts; that the demurrer was overruled, to which they excepted, and thereupon filed an answer in general denial. It is further shown that the cause, upon the issues joined, was submitted to the court for trial, and the court having heard and seen the evidence, found in favor of the board of children's guardians; that the material allegations of the complaint were true; that the defendants had a female child of the age of about five years on September —, 1905, known as "Myrtle Egoff;" that said child is not the offspring of the defendants, or either of them, but was procured by them when but a few days old, and has been held in their possession ever since; that said defendants, appellants herein, were not suitable persons to have the care, support and possession of said child; that neither of them had sufficient food and clothing to keep the child in a degree of comfort necessary for its health, proper growth and development; that the defendant Jack Egoff was vulgar and profane in his language before the child and in his family; that he is drunken in his habits, degenerate in his character and conduct in his family; that he has exercised a degree of familiarity with said child revolting and debasing to it, and that it would be for its best interest that it be taken charge of by said plaintiff and held in its care and custody until the further order of the court. Upon these findings it appears that the court entered a decree to the effect that said plaintiff have the entire custody and possession of said child until the further order of the court; that the defendants and each of them be relieved of any claim or right to the possession of said child until the further order of the court; that said plaintiff take, hold and have possession of said child as under the statute made and provided authorizing the commitment of said child to said board, and that the child be placed by the board in the orphans' home of said

county until the further order of the court. It is alleged that the decree in said suit does not show that there was any service on said child, and the court for that reason acquired no jurisdiction over the person of the child sufficient to warrant its adoption by said board, or through said board to others, as provided in said decree. It is further charged that there were manifest errors committed in said proceedings as follows: (1) That the court erred in overruling plaintiff's demurrer to the complaint; (2) that the court had no jurisdiction over the subject-matter of the action; (3) that the court had no jurisdiction and did not acquire jurisdiction over said child. Wherefore the plaintiffs pray that the judgment be in all things reversed and set aside.

The second paragraph makes similar charges to those made in the first, and sets out the same complaint, and after disclosing the appearance by plaintiffs as defendants to said action in person and by counsel, and the submission of the cause to the court for finding and judgment, in like manner as is averred in the first paragraph, then alleges that the decree was taken, had and entered by and through a mistake and inadvertence on the part of these plaintiffs, and by excusable neglect on their part, and by surprise, as hereinafter alleged, that is to say, that when the cause of action was called for trial the board introduced witnesses who testified in support of the various allegations in the complaint, and the court permitted the board to prove by certain witnesses that they had heard and had been told and informed that said child was not the offspring of Jack and Nora Egoff, then and there husband and wife; that on said trial the board was permitted by the court to introduce certain witnesses who testified that the child in question was affected with a certain disease; that the court then and there trying said cause indicated and announced that in its judgment the child should be taken from these plaintiffs, the announcement being made before they had introduced their evidence; that they, at the time, were ignorant and inexperienced in matters

of litigation and proceedings in court, and left the manage-
ment of the case to their attorney, and through misappre-
hension and mistakes of their attorney the further hearing
of evidence was discontinued, and these plaintiffs were
wholly and utterly deprived of their day in court and denied
full administration of justice; that their attorney, laboring
under misapprehension and misunderstanding, discontinued
the introduction of evidence on the part of these plaintiffs,
they then and there being ignorant of what such conse-
quences would be, although they were ready and willing and
prepared to introduce evidence, and having then and there
a good and meritorious defense, as hereinafter shown; that
during the progress of said trial these plaintiffs and their
attorney demanded and requested of the court that said child
be produced, and that a physical examination be made of her
by a reputable physician to ascertain her condition, and these
plaintiffs understood, and their attorney understood, that the
court then and there refused to require the same to be done,
and held and announced that in its opinion sufficient evi-
dence had already been introduced to authorize the court to
take the child from these plaintiffs and place it in the cus-
tody of said board; that on account of that fact plaintiffs
and their attorneys were led into the misapprehension, mis-
understanding and mistake that the court would not hear
further evidence in the cause, and that the introduction of
any further evidence, or the making of any proof on their
part, would not change the court's opinion. Plaintiffs, being
ignorant of the consequences, did not understand or believe
that the court would enter a decree under such circumstances,
without having heard their evidence, but upon the contrary
the court did then and there enter said decree. Other facts
are alleged to show that these plaintiffs were ready and wil-
ling to controvert or rebut by evidence the facts proved by
the plaintiff in said cause. The prayer of this paragraph
is that the decree entered in said cause, placing the child in
question in the control of the board, be set aside and re-

versed, and that the court now make proper orders for the preservation of the rights of these plaintiffs, and that they be given and restored to possession of their child, Myrtle Egoff.

The third paragraph of the complaint alleges facts similar to the first and second, and thereunder appellants seek to set aside the decree entered in the original action, on the ground of mistake, inadvertence and excusable neglect. In addition to this, they also base their right to have the proceedings reviewed and the decree therein reversed for material new matter discovered since the entering of said decree. They also embrace in this paragraph averments by which it is shown that Walter W. and Adeline T. Kent, on March 22, 1906, instituted an *ex parte* action in the Madison Circuit Court for the adoption of the child in question as their child and heir at law; that the court in said proceeding, without the consent or knowledge of either of appellants, but with the consent of said board of children's guardians, which then had the custody of said child under the decree of the Madison Circuit Court, permitted and authorized said Kents to adopt the child, and entered its decree accordingly.

The first and second paragraphs of the complaint are entirely silent in regard to the adoption of the child in question by the defendants, Walter W. and Adeline T. Kent. Appellants, as shown, were not parties to the action commenced by Walter W. Kent and his wife to adopt the child herein involved, hence they are not entitled, under §645 Burns 1908, §615 R. S. 1881, to have a review of the proceedings and judgment of the court authorizing the adoption of the child which had previously been placed under the custody and control of the board of children's guardians. Their consent to its adoption, in addition to that of the board, was neither necessary nor required by law, for they already, by the decree of the court in the original action, had been fully devested of the custody and control of the child.

It is contended by appellants' counsel that the complaint filed by the board of children's guardians in the Madison Circuit Court to secure the custody of the child in controversy was insufficient, and that the demurrer thereto should have been sustained, because the court had no jurisdiction over the subject-matter of the action. Upon this contention they base their argument that under the facts alleged in the first paragraph of the complaint appellants are entitled to have a review of the decree in dispute. The jurisdiction of the Madison Circuit Court over the subject-matter in the original action cannot be seriously controverted. It is expressly shown by the averments of the complaint that appellants herein appeared as defendants in that action and contested the right of the board to be awarded the custody of the child. Under these facts it is evident that the court, in that proceeding, acquired jurisdiction over person of appellants, and also of the minor child in question. §3189 Burns 1901, Acts 1901, p. 369, §3; *Board, etc.,* v. *Shutter* (1894), 139 Ind. 268, 31 L. R. A. 740; *Van Walters* v. *Board, etc.* (1892), 132 Ind. 567, 18 L. R. A. 431; *Wilkison* v. *Board, etc.* (1902), 158 Ind. 1.

The matters alleged in the second and third paragraphs of the complaint, upon which appellants seek to predicate the surprise, mistake and excusable neglect, are shown to have occurred during the trial of the cause; and if the court, in respect to its rulings, upon which appellants base their surprise, mistake and excusable neglect, can be said to have committed any error, then, in order to render such erroneous rulings available, either on a direct appeal or in an action to review, appellants should have reserved proper exceptions thereto, and assigned such rulings of the court as reasons in a motion for new trial. There is an entire absence of any such showing in either the second or third paragraph of the complaint. In fact there is nothing therein disclosing that any motion in the original cause was filed

by appellants for a new trial, or that they made any motion
to modify the judgment, or that any exceptions, other than
those reserved upon their demurrer to the complaint, were
made or reserved by them, or either of them. Certainly
then, under these circumstances, they are not now in this ac-
tion in a position to demand a review of the ruling or action
of the court in declining to hear further evidence in the case.
*American Ins. Co.* v. *Gibson* (1885), 104 Ind. 336; *Evans-
ville, etc., R. Co.* v. *Maddux* (1893), 134 Ind. 571; *Murphy*
v. *Branaman* (1901), 156 Ind. 77. They were before the
court in person and by their attorneys, and when the trial
judge announced that sufficient evidence had been heard
they appear to have made no objection to the decision, nor is
it shown that they offered to introduce any evidence what-
ever to rebut or break down that which had been given by
the plaintiff. Under these circumstances they seek to justify
their nonaction in the premises upon the ground of surprise,
mistake and excusable neglect, and thereby be relieved from
the judgment rendered in that case in favor of the board of
children's guardians. The mistake or misapprehension on
their part in not offering to introduce any evidence in the
case, upon the court's indicating its view in the matter as to
the decree it would render, was not in regard to any fact or
facts, but was merely a mistake or misapprehension as to
their right under the law to introduce evidence to rebut that
which had been given by the plaintiff. Under such circum-
stances, no relief is afforded by the provisions of §405 Burns
1908, §396 R. S. 1881. See *Thompson* v. *Harlow* (1898),
150 Ind. 450.

Having neglected to reserve any question in respect to the
alleged errors of the court made during the trial, such errors,
if any, must now be regarded or considered as waived.

4. *Preston* v. *Sanford's Admr.* (1863), 21 Ind. 156;
*American Ins. Co.* v. *Gibson, supra; Graves* v. *State,
ex rel.* (1894), 136 Ind. 406:

The material new matter which appellants alleged was dis-

covered since the entering of the decree in the original cause is not of such a character as would entitle them to a decree different from the one therein entered. Again, if the new matter in question could be said to be material, there is a lack of diligence upon the part of appellants in making the discovery. *Simpkins* v. *Wilson* (1859), 11 Ind. 541; *Francis* v. *Davis* (1880), 69 Ind. 452; *Jones* v. *City of Tipton* (1895), 142 Ind. 643.

There is no merit in the contention of appellants that the statute of 1901 (Acts 1901, p. 369, §3657 *et seq.* Burns 1908), creating a county board of children's guardians, is antagonistic to the state Constitution. All of its parts are embraced by the title. Its very purpose is to promote the best interest or welfare of children under the age of fifteen years, whose parents are shown to be unfit to have their custody or control. In the eye of the law the welfare of a child is paramount to the claim of its parents, or either of them, or any other person. *Van Walters* v. *Board, etc., supra.* The statute in question makes provision, in a proceeding by the board to obtain the custody of a child, for notice to its parents, or other persons having such child in charge, and such parents, or other persons, as the case may be, are accorded a hearing in such action to controvert the right of the board under the law and the facts in the case to have the possession and control of the child involved in the proceeding. The statute, under our Constitution, is in all of its parts a valid exercise of the power of the legislature. *Wilkison* v. *Board, etc., supra.* The complaint states no right of action, and the demurrer to each of its paragraphs was properly sustained.

Judgment affirmed.