BRADBURN *v*. BRADBURN, JR. ET AL.

[No. 26,501. Filed October 31, 1935.]

*L. Russell Newgent* and *Wm. A. Boyce,* for appellant.

*Charles H. Heaton* and *Raymond Demaree,* for appellees.

FANSLER, J.—This is an appeal from a judgment granting a writ of habeas corpus. The petition for the writ is in two paragraphs. It purports to be brought by Edward Francis Bradburn, Jr., who was two years of age, by Lucille Bradburn Demaree, his mother, as his next friend. It is alleged that he is unlawfully restrained of his liberty by Lucille Bradburn, appellant, who is his grandmother. In the first paragraph of the petition, it is alleged that he is held in custody by reason of a judgment and order of the juvenile court of Marion County, adjudging him to be a dependent and neglected child, and making him a ward of that court. It is

alleged that the order and judgment of the juvenile court are void for the following reasons, to-wit: "That there is no authority in law for any action to be brought in the name of the State of Indiana for the purpose of declaring a child to be a dependent and neglected child; that said cause was not brought in the name of the Board of Children's Guardians nor in the name of any other person, and that he was not then and there a dependent and neglected child within the meaning of the Statute. That the mother of this petitioner, Lucille Bradburn Demaree, was not made a defendant in said action; that the mother of said petitioner is a person of good moral character; that she is the wife of a practicing lawyer of Marion county, Indiana; that she maintains a good home and was at all times willing and able to care for and support this petitioner." The second paragraph of the petition alleges that prior to the date of the proceedings in juvenile court, Lucille Bradburn Demaree filed a petition for and was granted a judgment divorcing her from her husband, the father of the child; that an interlocutory order of the court granted the control of the child to the mother; that a change of venue was taken in the divorce proceeding to the Johnson Circuit Court, which court thus obtained full and exclusive jurisdiction to provide for the care and custody of the petitioner. There is no allegation that the Johnson Circuit Court made any order as to the care and custody of the child in its final judgment granting a divorce. It is alleged that when the proceedings were filed in the juvenile court the child was in the actual custody of his father, and that he and his father were residing with appellant; that the child was ill at the time, and that he was not then in the custody of his mother; that the father refused to give the mother permission to have a physician await upon and

attend the child; and that other than failure to provide medical attention, the child was not in any manner neglected or dependent. It is further alleged that the petition to have the child declared dependent and neglected was not prosecuted in the name of the Board of Children's Guardians, nor in the name of the person filing the petition, but was at all times prosecuted in the name of the State of Indiana; and that upon the hearing of the petition the juvenile court placed the custody of the child in the same home and surroundings in which he resided at the time the proceedings were commenced; that at no time thereafter was any petition filed in the juvenile court to declare the child neglected and dependent.

It is clear from the briefs that appellee relied, and now relies, upon the allegations of the petition as sufficient to establish that the judgment of the juvenile court is void. Upon the filing of the petition, a writ issued. Appellant's return alleges that on the 2nd day of May, 1934, Lucille Bradburn Demaree, the mother of the child, filed an affidavit in the juvenile court, which is as follows:

"STATE OF INDIANA,
COUNTY OF MARION.   ss:

IN THE JUVENILE COURT
OF MARION COUNTY.

"Lucille Demaree, being duly sworn upon her oath says that Edward Francis Bradburn, a male child born Sept. 8, 1932, that the father of said child is Edward Francis Bradburn, who is domiciled and resident in said 5046 W. Morris, Marion County; that the mother of said child is Lucille Weliver Bradburn Demaree, who is domiciled and resident in said 901 N. New Jersey, Apt. 5, Marion County; that said child is a dependent and neglected child within the meaning of the

statute in such causes made and provided, in that said child is without proper parental care and supervision and should be made a public ward by order of said Juvenile Court.

"(Signed) LUCILLE DEMAREE.

"Subscribed and sworn to before me, this 2nd day of May, 1934.

"(Signed) BENJAMIN C. REED,
(Seal)                    Notary Public. (Clerk)
"My commission expires May 12, 1934."

Upon the filing of this petition a writ was issued and notice was given to the father of the child, who was then its custodian, and a writ and notice were also served on the mother, giving both the parents notice as provided by statute, that the cause would be tried on May 25, 1934. Both parents appeared in person and by counsel on that date. Evidence was heard in part and the cause continued, and the following order was made by the court: "Comes now petitioner, Lucille Demaree, mother of said child, comes also Edward Francis Bradburn, Sr., father of said child. Writ duly issued and served. Evidence heard in part and continued until June 4th, 1934, for further evidence. (Signed) John F. Geckler, Judge." On the 4th day of June the cause was continued until the 9th, and on the 9th both parents again appeared in person and by counsel, and the evidence was concluded, and judgment was rendered as follows: "Evidence concluded, Court finds allegation of petition are true, that said within named child, Edward Francis Bradburn, is a dependent and neglected child and should be made a public ward. It is now ordered, adjudged and decreed that said Edward Francis Bradburn be and he is now adjudged dependent and neglected and is now made a ward of the Juvenile Court, and is placed with the grandmother,

Mrs. Lucille Bradburn, 5046 W. Morris Street, until further order of court. It is further ordered that the mother is to see said child at reasonable times, and is to have the child every other Saturday from four o'clock until Sunday at six o'clock. This order effective beginning June 16th, 1934. (Signed) John F. Geckler, Judge." It was stipulated and agreed by the parties that the affidavit above quoted was filed in Juvenile Court by the mother; that notice was given the father, who was then the custodian of the child; that at the trial in Juvenile Court both the father and mother appeared in person and by counsel; that the cause was submitted to the Juvenile Court for trial; and that the judgment above quoted was entered. It was also stipulated "that on the order book of said court the said cause is entitled 'State of Indiana vs. Edward Francis Bradburn,' and that opposite such title appears the following words: 'Dependent and Neglected Child.' " The original papers in the case in Juvenile Court were introduced in evidence. Exhibit No. 1 consists of the affidavit of the mother and the orders of the court above quoted. On the reverse side this exhibit is inscribed "No. ............ Juvenile Court of Marion County. Petition Dependent and Neglected Child. In re Edward Francis Bradburn. Filed May 2, 1934. Writ issued by order of court. Glenn B. Ralston, Clerk." Exhibit No. 2 is the notice to the father, commanding him to appear on the 17th day of May, 1934, with the return showing service, with a printed indorsement on the back which was not filled out. Exhibit No. 3 is a similar notice for the mother, with a return showing it was served. It was also stipulated that on the 13th day of February, 1934, in the Johnson Circuit Court, Lucille Bradburn, the mother of the child, was granted a divorce from Edward Francis Bradburn, its father, and

that in the judgment granting the divorce the court made no order or decree concerning the custody of the child; and it was further agreed that the defendant (appellant here) claims to hold the child by virtue of the judgment of the Juvenile Court.

At the conclusion of the trial the court found for the petitioner, granting the writ of habeas corpus, and ordered the child placed in the custody of Lucille Bradburn Demaree.

The refusal of the court to dissolve the writ and the overruling of appellant's motion for a new trial are assigned as error.

It is conceded that the Juvenile Court has jurisdiction of dependent and neglected children; that notice of the proceedings were served upon both the father and mother of the child. In appellee's brief, it is said: "The complaint and the court below proceeded on the theory that the order made by the Judge of the Juvenile Court and his acts therein becomes void, for the reason that the Juvenile Court found said child a neglected and dependent child and returned said child to the home of the appellant, which was the home that child was located in at the time it was found to be a dependent and neglected child." It is further stated in appellee's brief "that the Juvenile Court did not have jurisdiction over the persons and subject-matter for the following reasons, to-wit:

"1. That the case was brought in the name of THE STATE OF INDIANA VS. EDWARD FRANCIS BRADBURN, JR., which is a criminal action and in which the Juvenile Court has no right whatsoever to bring a criminal offense against an infant as set out in appellant's transcript p. —.

"II. That the court found that said child was neglected and dependent and returned it to the home in

which he found said child, that said child was not neglected. And by his own statements, it determined that he did not find the child a neglected and dependent child.

"III. That there was no order made for the welfare of said child.

"IV. That as soon as said child was returned to the home from which it came, the Judge of the Juvenile Court lost jurisdiction, if he did have jurisdiction, over the persons and subject-matter and could not thereafter make any orders or determine as to the welfare of the child without a new affidavit being filed and a hearing had on the same."

The affidavit filed by Lucille Demaree recites facts sufficient to give the court jurisdiction of the subject-matter. Section 22-2803, Burns' 1933, §5686, Baldwin's 1934. The notices provided by statute were served on the mother and the father, who had the custody of the child. This was sufficient to give the court jurisdiction of the child. Section 22-2803, *supra; Egoff* v. *Board, etc.* (1908), 170 Ind. 238, 84 N. E. 151.

Since the Juvenile Court had jurisdiction of the subject-matter, and of the child, and of its parents, its judgment is not void, nor are we clear that it is erroneous merely for the reason that the child was returned to the home in which it had been living. Someone might have been caring for the child without the legal right to its custody, and, because it was neglected by its parents or legal guardian, whose duty it was to care for it, the order making the child a ward of the court, and placing it in the custody of the same person, created a legal right to a custody that was unenforceable before. The fact that in the order book of the court in which the judgment is entered

the cause is entitled "State of Indiana vs. Edward Francis Bradburn," cannot have the effect of making the judgment void. It is at most a clerical mistake or irregularity, which cannot be taken advantage of in a collateral attack upon the judgment.

Appellee says that "the statute provides, as has been heretofore set out in appellant's brief, that all cases brought before the Juvenile Court to determine a dependent and neglected child, must be brought in the name of the Board of Children's Guardians or by any citizen." But the statute says that: "The judge of the Juvenile Court in any county shall hear every case brought by any° person, or by the Board of Children's Guardians, concerning a dependent child or a neglected child, . . ." Section 9-2808, Burns' 1933, §5671, Baldwin's 1934. And says nothing about the title of the action.

We are not clear as to the meaning of the suggestion: "That there was no order made for the welfare of said child," since it must be presumed that the judgment of the court making the child a ward of the Board of Children's Guardians had that purpose in view.

It is also asserted that the Juvenile Court has no jurisdiction where there is a dispute between the parents as to the custody of the child, but no authority is cited to sustain the contention. From the face of the judgment of the Juvenile Court, it appears that the court found that neither the father nor the mother was a proper person, since the child was made a ward of the court and entrusted to the custody of its grandmother. We find no basis for the contention that the Juvenile Court lost jurisdiction when the child was returned to the home from which it came. The judgment makes the child the ward of the Juvenile Court. The statute provides that if, upon hearing, the court

finds it to the best interest of the child, he shall make it a ward of the court, and that "all children declared public wards under the provisions of this act shall remain public wards until they reach the age of twenty-one (21) years, unless they shall, upon a proper showing made, be returned to their parents or other legal guardian, or adopted in the manner prescribed by law." Section 9-2808, Burns' 1933.

Appellee asserts that in the case of *Orr et al.* v. *State* (1919), 70 Ind. App. 242, 123 N. E. 470, it was held that the judgment of a Juvenile Court was "null and void" if the action was brought in the name of the State of Indiana. The case referred to was not a collateral attack upon the judgment of the Juvenile Court, but an appeal from that judgment. It was reversed because of the insufficiency of the evidence to sustain the judgment. There seems to have been no contention that the judgment was void, nor is anything to be found in the opinion on that question.

The judgment of the Juvenile Court is not void. It may have been erroneous and not sustained by sufficient evidence, but those questions could only be raised upon appeal.

Judgment reversed, with instructions to quash the writ of habeas corpus and order Edward Francis Bradburn, Jr., delivered to appellant.