STATE EX REL. GECKLER, JUDGE ET AL. *v.*
COX, JUDGE ET AL.

[No. 26,877. Filed June 23, 1937. Rehearing denied September 20, 1937.]

*L. Russell Newgent,* for appellant.

*Cornelius S. Weaver,* and *Edward C. Eikman,* for appellee.

TREANOR, J.—Relators filed their petition in this Court for a writ of prohibition against the Marion County Circuit Court and the Hon. Earl R. Cox as Judge of said Marion Circuit Court. A temporary writ was issued to which a response was filed and relators have filed a reply to respondents' response.

From the pleadings which have been filed the pertinent record facts are as follows:

(1)
"STATE OF INDIANA } ss: Cause No. 36309
COUNTY OF MARION }

IN THE JUVENILE COURT OF MARION COUNTY

"Metta Davis, being duly sworn upon her oath says that Rose Mary Patton is a female child born Nov. 23, 1930; that the father of said child he is Cecil Patton, who is domiciled and resident in said Marion County; that the mother of said child she is Ella Sheperd Patton, who is domiciled and resident in said Marion County; that said child is a dependent and neglected child within the meaning of the statute in such cases made and provided, in that said child is without proper parental care and supervision and said child is dependent on the

public for support, and should be made a public ward by order of said Juvenile Court.

(Signed) Metta Davis.

"Subscribed and sworn to before me, this 8th day of June, 1934.

(Signed) Margaret Dillon.
(Notary Public)
(SEAL)                    My com. exp. 9/29/36."

(2) In cause numbered 36309 the order book of the Juvenile Court of Marion County contains the following entry as of June 11, 1934:

"STATE OF INDIANA  } ss:      No. 36309.
COUNTY OF MARION

IN THE MARION COUNTY JUVENILE COURT
IN THE MATTER OF ROSE MARY PATTON

"Writ having been duly issued. Both parties in court, Cecil Patton and Ella Patton, father and mother of said within named child, Rosemary Patton, also comes now the petitioner. Evidence heard. Court finds allegation of petition are true, that the within named Rosemary Patton is a dependent and neglected child and is now made a temporary ward of the court and placed temporary in the Board of Children's Guardians, until further order of court."

(3) On October 4, 1934, the following verified petition was filed in the Marion County Juvenile Court in cause numbered 36309:

"STATE OF INDIANA  } ss:      Cause No. 36309
COUNTY OF MARION

THE JUVENILE COURT OF MARION COUNTY

"To the Honorable, The Judge of the Juvenile Court of Marion County:

"The Board of Children's Guardians of Marion County, a corporation existing under and acting by virtue of the laws of Indiana, respectfully petitions the Court and says that Rosemary Patton is a female child the age of 11-23-1930; that the father of said child is Cecil Patton whose domicile and residence is unknown; that the mother of said child is Ella Patton whose domicile and residence is

Marion Co.; that said child is domiciled and resident in said Marion County; that said child is in charge of Board of Children's Guardians; that said child is neglected and dependent.

"WHEREFORE, The Board of Children's Guardians of Marion County petitions the Court that said child be committed to the custody of said Board.

THE BOARD OF CHILDREN'S GUARDIAN'S OF MARION COUNTY.

By (Signed) Maurice E. Tennant,
Attorney.

"STATE OF INDIANA ⎫ ss:
COUNTY OF MARION ⎭

"Arthur V. Brown, on his oath, says that he is the President of the Board of Children's Guardians of Marion County; that the facts set forth in the foregoing petition are charged upon information furnished upon investigation by the agent (special police officer detailed to act under direction) of said Board; that acting upon such information, said Board has ordered this petition to be filed and prosecuted; that he is informed and believes that the facts so set forth are true, and so charges the facts to be; that as President of said Board, and at the request of said Board, he makes this affidavit and verifies this petition.

(Signed) Arthur V. Brown.

"Subscribed and sworn to before me, this 6th day of Oct., 1934.

Witness my hand and notarial seal.

(SEAL)                    (Signed) Ralph B. Hornaday,
Notary Public.

My commission expires Sept. 18, 1937."

(4) The order book of the Marion County Juvenile Court contains the following entry as of October 25, 1934:

"October 25th, 1934          CAUSE No. 36309

"Comes now the petitioner, Board of Children's Guardians by counsel, . . . comes also the mother Ella Patton in person and by counsel, and it appearing to the court, writ has been duly issued and served upon said Ella Patton, mother of said child for more than ten days prior hereto. Writ duly is-

sued for said Cecil Patton, father of said child and after diligent search his whereabouts are unknown, as follows (H. I.).

"Comes now Ella Patton, mother of said child in person and by counsel. This cause is now submitted to court for trial. Evidence heard and the court being duly advised in the premises now finds allegations of the petition are true, and finds the within named child, Rosemary Patton is a dependent and neglected child.

"It is now ordered, adjudged and decreed that Rosemary Patton be and she is now adjudged dependent and neglected and is now a ward of the Board of Children's Guardians of Marion County."

(5) On June 18, 1936, the Marion County Circuit Court granted a divorce to Ella Patton from Cecil Patton and in its decree the court awarded the care and custody of Rosemary Patton to the mother, Ella Patton.

(6) On September 21, 1936, Ella Patton filed her petition in the Marion Circuit Court for a writ of habeas corpus for the purpose of securing release of Rosemary Patton as a public ward of the Board of Children's Guardians. On the basis of such petition the Marion Circuit Court issued its writ against the named defendants and ordered them to have and produce the said Rosemary Patton in said Circuit Court. Return to the writ was made which set out in substance the proceedings of the Marion County Juvenile Court in the course of which Rosemary Patton had been adjudged a neglected and dependent child and had been adjudged a public ward under the custody of the Board of Children's Guardians. The defendants in the habeas corpus suit filed a written motion to dismiss the proceedings on the ground of lack of jurisdiction on the specific ground that Rosemary Patton was within the exclusive jurisdiction of the Marion County Juvenile Court.

The petition for writ of prohibition which was filed

in this Court raises the single issue of the jurisdiction of the Marion Circuit Court in the habeas corpus suit to compel delivery to the court of a child who, in a regularly instituted proceeding in the Marion County Juvenile Court, has been adjudged to be neglected and dependent and also has been adjudged to be a public ward of the Board of Children's Guardians, and has been committed to the care and custody of such board.

It is clear from the records of the various proceedings in the Marion County Juvenile Court that the jurisdiction of the Juvenile Court was properly invoked by the petition which alleged that Rosemary Patton was a neglected and dependent child. It is also clear from the record that the juvenile court properly exercised its jurisdiction and that the court's adjudication that Rosemary Patton was a neglected and dependent child was a valid adjudication. The Marion County Juvenile Court had exclusive jurisdiction over the cause presented by the petition and under the statute it had the power to declare the neglected and dependent child a ward of the court and a public ward of the Board of Children's Guardians. Under the statute its jurisdiction over the cause and over the person of the dependent and neglected child is a continuing one and its orders and decrees are valid until modified or set aside by the juvenile court, subject always to whatever right of review is given by statute.[1] The statute provides that "All children declared public wards under the provisions of this act shall remain public wards until they reach the age of twenty-one (21) years, unless they shall, upon a proper showing made, be returned to their parents or other legal guardian, or adopted in the manner prescribed by law." The statute contemplates that the juvenile court alone shall have jurisdiction to entertain applications or

---

1. Sec. 9-2801 Burns Ind. Statutes, 1933.

petitions for the purpose of making a *proper showing.*

The return made by the defendants in the habeas corpus suit in the Marion Circuit Court was sufficient to show lack of jurisdiction in the Marion Circuit Court to proceed further, since such return disclosed that Rosemary Patton had been adjudged to be a neglected and dependent child and had been made a ward of the Marion County Juvenile Court under immediate control and custody of the Board of Children's Guardians, and that the exclusive jurisdiction over her person and her wardship was in the Marion County Juvenile Court. Under the showing made in the return the exclusive control and custody of Rosemary Patton was with the Board of Children's Guardians subject only to the general direction and control of the Marion County Juvenile Court. In the face of the return made to the writ in the habeas corpus proceeding the Marion Circuit Court had no jurisdiction to interfere with the adjudication of the Marion County Juvenile Court or to interfere with its continuing jurisdiction over the person of the said Rosemary Patton.[2]

The temporary writ heretofore issued against the respondents, the Hon. Earl R. Cox as Judge of the Marion Circuit Court and the Marion Circuit Court, is made permanent.

---

2. *Bradburn* v. *Bradburn* (1936), 209 Ind. 61, 197 N. E. 905; *State ex rel. Kunkle* v. *Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614. See also *In re Hosford* (1920), 107 Kansas 115, 109 Pac. 765, 11 A. L. R. 142, and notes.