**LOWREY v. CLARK, Attorney General.**

Criminal Action No. 12661.

United States District Court
W. D. Pennsylvania.

July 30, 1948.

GOURLEY, District Judge.

James Edgar Lowrey seeks leave to file a petition for writ of habeas corpus in forma pauperis. The petition relates to a trial had in this District and this Court takes judicial notice of the records thereof. Craemer v. Washington State, 168 U.S. 124, 129, 18 S.Ct. 1, 42 L.Ed. 407; Rookard v. Huff, 79 U.S.App.D.C. 291, 145 F.2d 708. All of his allegations are identical with those set forth in his motion for new trial to Criminal No. 12661 of this Court. They have all been decided adversely to him on the denial of his motion for new trial[1] in

[1] United States v. Lowrey, D.C.W.D.Pa., 77 F.Supp. 301.

1010

an opinion by Judge Follmer which sets forth the factual background. No new facts of contentions are contained in this petition warranting reconsideration in habeas corpus. Price v. Johnston, 1948, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356.

■ Unquestionably the District Court had jurisdiction of the person and the subject matter in this criminal proceeding since if an offense was committed, it arose out of the alleged transportation of a motor vehicle from Greensburg, Pennsylvania, to Wheeling, West Virginia. A writ of habeas corpus cannot be used as a writ of error, nor is a judgment of conviction subject to collateral attack. The scope of review of habeas corpus is limited to the examination of the jurisdiction of the Court whose judgment of conviction is challenged. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.

■ In addition thereto, Petitioner now has an appeal pending which also raises these same matters. The effect of such appeal is to remove the jurisdiction of the cause from the trial court and, consequently, this Court should not attempt to decide these issues or enter any orders which might conflict with the determination thereof by the Circuit Court. Tinkoff v. United States, 7 Cir., 86 F.2d 868, certiorari denied 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346, rehearing denied 301 U.S. 715, 57 S.Ct. 937, 81 L.Ed. 1366, motion denied Ex parte Tinkoff, 302 U.S. 653, 58 S.Ct. 268, 82 L.Ed. 506; Simmons v. United States, 5 Cir., 89 F.2d 591.

■ Nor is the petitioner at this time in restraint under service of the sentence. He has been returned to this District from the United States Penitentiary pending his appeal upon his election not to commence service of the sentence under Rule 38(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Leave to file in forma pauperis is granted. The petition is denied.