[No. 31475.   *En Banc.*   November 23, 1951.]

*In the Matter of the Application for a writ of Habeas Corpus of* BEN F. MASON, *Appellant,* v. RALPH M. SMITH, *as Sheriff, Respondent.*[1]

*Ben F. Mason, pro se.*

*Hugh H. Evans* and *Dudley L. Wilson,* for respondent.

*Willard J. Roe, amicus curiae.*

PER CURIAM.—Petitioner applied to this court for a writ of *habeas corpus* alleging that he was unlawfully restrained

[1]Reported in 237 P. (2d) 792.

of his liberty by the sheriff of Spokane county, in violation of rights guaranteed to him by the constitution of the United States and the constitution of the state of Washington. An order was issued by this court directing the sheriff to show cause why the writ should not issue, returnable before the superior court for Spokane county.

At the hearing respondent demurred to the petition on two grounds: (1) That the court had no jurisdiction of the person of the petitioner or of the subject matter of the action; and (2) that the petition did not state facts sufficient to constitute a cause of action or to entitle petitioner to the relief sought. The demurrer was sustained and this appeal followed.

At the time of the hearing there was pending in this court an appeal by petitioner from a conviction in Spokane county of first degree forgery. The petition for the writ was based solely on alleged violations of his constitutional rights in the forgery case.

For the purpose of this appeal it will be necessary to treat only the first of the respondent's contentions, i. e., that the superior court had no jurisdiction of the person of the petitioner or of the subject matter of the action.

Although the appeal from the forgery conviction has since been dismissed, the majority of the court is of the opinion that at the time that the petition for the writ of *habeas corpus* was originally heard in the trial court, the proceeding was premature, due to the fact that an appeal was pending in this court. The trial court did not then have jurisdiction, and it correctly sustained the demurrer.

The order appealed from is affirmed without prejudice.

DONWORTH, J. (dissenting)—I am of the opinion that appellant's petition for a writ of *habeas corpus* was not premature because of the pendency of his appeal from his conviction of forgery. The petition alleges the following proceedings chronologically set forth:

January 11, 1950—Appellant arrested as an alleged parole violator.

January 11 to February 15, 1950—Appellant held in Spokane city and county jails without charge.

February 15, 1950—Information filed in superior court charging appellant with four counts of first degree forgery.

March 6, 1950—Appellant was tried on this information and convicted.

March 11, 1950—Motion for arrest of judgment or new trial denied and appellant sentenced upon his conviction to twenty years confinement on each count (to run concurrently). Appellant gave oral notice of appeal.

March 25, 1950—Appellant's motion to have expense of preparing a statement of facts, transcript of record, and printing of briefs paid for out of public funds denied.

April 26, 1950—Appellant's petition for a writ of *habeas corpus* filed in supreme court and acting chief justice signed a show cause order directing sheriff of Spokane county to show cause before superior court of that county on a day certain. Appellant also filed an affidavit stating that he was wholly without money, means, or property, and an order was signed by the acting chief justice permitting appellant to file his petition without paying any filing fee.

May 15, 1950—Sheriff filed a demurrer to appellant's petition on two grounds: (1) lack of jurisdiction and (2) no cause of action alleged.

May 29, 1950—After hearing arguments, the demurrer was sustained and order entered dismissing appellant's petition without prejudice. Appellant gave notice of appeal from this order.

June 5, 1950—Sheriff filed his return in the supreme court.

June 9, 1950—Time expired for filing statement of facts, transcript of record, and opening brief in order to render appellant's appeal from his forgery conviction effectual.

Rule of Court 12 (3), effective March 2, 1944, which was in effect in 1950, reads as follows:

"(3) Strict conformance with the following requirements shall be necessary, and no appeal to the supreme court in a criminal cause shall be effectual unless:

"First, notice of appeal shall have been given in the manner and at the time specified in (1) (a) of this rule;

"Second, within ninety days after giving notice of appeal, appellant shall cause to be filed in the office of the clerk of the supreme court or of the clerk of the superior court:

"(a) The statement of facts or bill of exceptions, when it is necessary for a decision of the case on appeal, showing service on respondent and certified by the judge of the superior court: *Provided*, That the time for certification may be extended by the chief justice of the supreme court or, in his absence, by any judge of that court upon written application made within said ninety-day period and upon a showing that the necessity for additional time for the certification is not due to any lack of diligence on appellant's part. If an extension be granted, the judge so granting it shall fix the time within which the statement of facts or bill of exceptions shall be certified and the time within which appellant's opening brief shall be served and filed;

"(b) Transcript of record certified by the clerk of the superior court;

"(c) Appellant's opening brief, prepared in accordance with the rules of the supreme court, with proof of service thereof on respondent, unless the time for service and filing be extended as provided in (3) (a) of this rule.

"Third, within ninety days after giving notice of appeal, the appellant shall deposit with the clerk of the supreme court five dollars as that clerk's docket fee, if the appeal is taken by a defendant."

Since the superior court had denied appellant's motion to have the expense of preparing a statement of facts, the transcript of record, and his briefs in the forgery case paid out of public funds, it was a certainty on April 26, 1950 (when he filed his petition in this court), that because of his poverty appellant's attempted appeal from his conviction would become ineffectual on June 9, 1950. His appeal was actually dismissed on June 16, 1950, because of his failure to comply with Rule 12 (3), above quoted.

Seven months after his appeal in the forgery case was dismissed, his appeal from the dismissal of his petition for a writ of *habeas corpus* was argued in this court.

Under these circumstances, I cannot agree that the trial court had no jurisdiction to hear the petition for a writ on May 29, 1950, when, by order of the same judge refusing to

permit him to proceed *in forma pauperis*, appellant's attempted appeal was bound to become abortive within ten days thereafter. The order sustaining the sheriff's demurrer does not specify upon which ground it was sustained. However, the oral statement of the trial judge indicates that it was sustained on both grounds: (1) that an appeal was pending from the forgery conviction, and (2) that this proceeding constituted a collateral attack on the judgment and sentence in the forgery case.

The first ground of the demurrer became moot seven months before the matter was heard in this court and, as pointed out above, it was known when the order sustaining the demurrer was entered that it would inevitably become moot ten days thereafter.

Regarding the second ground of demurrer, to wit, that the petition did not state facts sufficient to constitute a cause of action, I think this court should pass upon this question at this time. The record before us raises important constitutional questions which can and should be decided now.

The disposition of this case made by the majority opinion will result in the filing of another petition for a writ of *habeas corpus* containing identical allegations. No useful purpose is served by delaying a decision in this matter when we are in as good a position now to pass upon the sufficiency of the present petition as we will be later when the identical questions are presented by another petition.

Since the first question became moot seven months before the cause was first argued in this court, the petition for a writ of *habeas corpus* cannot properly be held to have been prematurely filed and we should now decide the question presented by the second ground of the demurrer. I, therefore, dissent from the disposition of the case made in the *per curiam* opinion.