STATE OF INDIANA v. GURECKI.

[No. 29,082. Filed June 8, 1954.]

*Edwin K. Steers*, Attorney General, *Richard M. Givan* and *Frank E. Spencer*, Deputy Attorneys General, for appellant.

*Myrten W. Davie*, of LaPorte, for appellee.

DRAPER, J.—On July 20, 1951, an affidavit was filed in the LaPorte Circuit Court pursuant to Burns' 1942 Repl., §9-2207, the provisions of which are set out in the margin.[1] It charged Stanley Gurecki, the appellee here, with the offense of assault and battery with intent to commit a felony. It was further therein charged that Gurecki had previously been convicted, sentenced and imprisoned in a penal institution for the crime of feloniously entering a dwelling with intent to commit grand larceny, and it was further therein charged that Gurecki had previously been convicted, sentenced and

---

1. "Habitual criminals—Life sentence.—Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

imprisoned in a penal institution for the crime of automobile banditry.

Trial by jury resulted in a verdict returned on October 11, 1951, which omitting caption and signature reads as follows:

"We, the jury, find the defendant guilty of assault and battery with intent to commit a felony, and also find the defendant has previously been twice convicted of felonies for which he was sentenced and imprisoned in penal institutions for each offence and that he is 36 years of age."

Gurecki was thereupon on October 11, 1951, sentenced to imprisonment for life, but no sentence of imprisonment was imposed for a specific term for the offense of assault and battery with intent to commit a felony. No motion to modify the judgment appears to have been made, but on November 8, 1951, Gurecki filed his motion for new trial, which was overruled on the 21st day of December, 1951. He then took an appeal to this court which was perfected on March 19, 1952. That appeal was dismissed on his own motion on October 7, 1952.

While that case was pending here on appeal, however, and on the 14th day of July, 1952, Gurecki filed his verified petition for writ of habeas corpus in the LaPorte Circuit Court (the court in which he had been convicted), alleging that the judgment of conviction rendered on July 11, 1951, was rendered without jurisdiction and was void because of the failure of the trial court to sentence him for the offense of assault and battery with intent to commit a felony.[2] Issue was joined by return and answer, and on August 29, 1952, the trial court found that the judgment of October 11, 1951, was void, and Gurecki was ordered discharged

2. This claim was invalid. See *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 102 N. E. 2d 630.

from the state prison and he was accordingly discharged.

On September 5, 1952, the State of Indiana filed in the LaPorte Circuit Court its verified motion to vacate of record the judgment of conviction rendered on October 11, 1951, because, it was therein asserted, that judgment had been rendered void in the habeas corpus proceedings, and the state further moved for a new trial of the original charge, and that a warrant be issued for Gurecki's arrest. Over Gurecki's objection this motion was granted; the former judgment was vacated, and a new trial ordered. On February 12, 1953, Gurecki filed his verified motion to dismiss the pending action against him (the reinstated prosecution) on the ground of former jeopardy, it being asserted that his prior conviction barred another prosecution on the same affidavit. Such proceedings were thereafter had that Gurecki's motion to dismiss the pending prosecution was sustained and the action was dismissed. The state appeals.

The state asserts that the judgment of the LaPorte Circuit Court rendered on October 11, 1951, was properly vacated on motion of the state, and that Gurecki was liable to be retried on the original affidavit, relying in that connection upon *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, and *Todd* v. *State* (1951), 229 Ind. 664, 101 N. E. 2d 45.

In each of the cases just mentioned, the appellant had been convicted in a court of this state and sentenced to prison. Thereafter, he filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Indiana, wherein the state prison is located, in which petition he asserted that he had been denied due process of law under the Fourteenth Amendment, and that the original judgment of convic-

tion was void for want of jurisdiction. In each of those cases judgment in the District Court went for the appellant prisoner, and he was released from imprisonment.

With reference to the proper procedure to be followed in state courts in such cases, Justice Emmert said in the Todd case, p. 667 of 229 Ind., that:

> "The proper procedure would have been for the state to have moved to vacate of record the judgment for the reason that it had been adjudged void, and to order a new trial. The proceedings had subsequent to the time due process was denied were void in fact, because the United States District Court *had jurisdiction to decide and did so decide such issue by virtue of the superior force of the Fourteenth Amendment.* The decision of the United States District Court was brought to the attention of the trial court, which record then disclosed the nullity of all acts taken after the loss of jurisdiction." (Emphasis supplied.)

Thus it is apparent that the steps taken by the La-Porte Circuit Court in this case having to do with the vacation of the original judgment of conviction and the retrial of the appellant could properly be taken only if the original judgment of conviction had been previously adjudged void, and the appellant had been released by a court having jurisdiction so to do.

Of necessity this brings us to inquire whether the LaPorte Circuit Court had jurisdiction to entertain Gurecki's petition for writ of habeas corpus in which action it declared the judgment of October 11, 1951, to be void and released Gurecki from the custody of the warden of the penitentiary.

When the petition for the writ of habeas corpus was filed in the LaPorte Circuit Court, and when it was

heard and allowed, the appeal in the original case in which Gurecki was tried and convicted was pending undetermined in this court. That appeal had been submitted under Rule 2-14 of this court. The jurisdiction of this court had attached at the instance of the appellee. The question he sought to raise by the petition for writ of habeas corpus was raised, or could have been raised, in that appeal and passed upon by this court in an orderly manner. At the most it might have resulted in the granting of a new trial, but not the absolute release and discharge of the appellee Gurecki.

In that situation the LaPorte Circuit Court had no authority whatever to interfere with the jurisdiction of this court by entertaining Gurecki's petition for writ of habeas corpus, and the purported judgment of that court determining the original judgment of conviction to be void and releasing Gurecki from the custody of the warden was rendered without jurisdiction and was and is wholly void and of no effect. *France, etc.* v. *Sup. Ct., etc.* (1927), 201 Cal. 122, 255 Pac. 815; 52 A. L. R., 869, anno. at 876, where many cases are cited and reviewed. See also *Mason* v. *Smith* (1951), 39 Wash. 2d 670, 237 Pac. 2d 792; *Lowrey* v. *Clark* (1948), 82 F. Supp. 1009; *State ex rel. Geckler, Judge* v. *Cox, Judge* (1937), 212 Ind. 440, 9 N. E. 2d 93; and see *Tinkoff* v. *United States* (1937), C. Ct. of Appeals, 7th Cir., 86 F. 2d 868; *Miller* v. *United States* (1940), C. Ct. of Appeals, 7th Cir., 114 F. 2d 267.

Thus it follows that the rule of the Grigsby and Todd cases had no application to the situation which existed at the time of the filing of the state's motion, after term, for the vacation of the original judgment of conviction and a new trial of the appellee Gurecki. The appellee asserts that the trial court had

no jurisdiction to vacate the original judgment of conviction after the term at which it was rendered. On the record before us, we agree. The original judgment of conviction stands unimpaired and in full force and effect, and it constitutes a bar to any further prosecution of the appellee for the same offense.

Judgment affirmed.

Flanagan, C. J., Bobbitt and Emmert, JJ., concur. Gilkison, J., concurs with opinion.

### CONCURRING OPINION

GILKISON, J., Concurring. — I concur in the result reached in the opinion. However, I think that the majority opinions in the cases of *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, and *Todd* v. *State* (1951), 229 Ind. 664, 101 N. E. 2d 45, in so far as they attempt to provide a plan whereby a final judgment rendered by a circuit or criminal court in a felony case, may be vacated and held for naught on a motion made by the state, should be overruled.

Further, I think that jeopardy attaches to a defendant, when a jury is empaneled and sworn to try his case, or if the trial is by the judge without a jury, when he is arraigned, and enters his plea if it be a plea of guilty, if the plea is not guilty, when the trial starts and the state begins its opening statement, if no opening statement is made, when the witness or witnesses is or are sworn to testify. It is wholly erroneous to say that jeopardy does not attach until a lawful judgment is rendered. (See my dissents in the above entitled causes for authorities.)

NOTE.—Reported in 119 N. E. 2d 895.