GURECKI *v.* STATE OF INDIANA.

[No. 0-570. Filed October 22, 1959. Rehearing denied December 8, 1959.]

*Stanley Gurecki, pro se.*

ACHOR, C. J.—The petitioner, an inmate of the Indiana State Prison, has filed *pro se* a petition *in forma pauperis* for a delayed appeal.

The petition consists of 14 rhetorical paragraphs, the first 12 of which are a historical background of the case for the purpose of showing excuse for the delay, which may have merit.

We therefore consider the 13th and 14th paragraphs of the petition by which petitioner attempts to establish a prima facie show of merit to the appeal.

The 13th paragraph of his petition, in effect, states that the court did not comply with the Indiana Habitual Criminal Act and therefore was without jurisdiction to sentence the petitioner to life imprisonment under the habitual criminal statute. The petition does not specifically allege in what manner the trial court failed to comply with the statute, but it appears that petitioner is attempting to raise the same question that he advanced in his peition for a writ of habeas corpus previously considered by this court in the case of *State* v. *Gurecki* (1954), 233 Ind. 383, 119 N. E. 2d 895. The record of the trial court shows that petitioner was charged with the crime of assault and battery with intent to commit a felony and with being an habitual criminal. As the result of a jury trial, the petitioner was found guilty as charged, but when sentence was pronounced the judge failed to sentence him to a term of imprisonment agreeable to the applicable statute on assault and battery with intent to commit a felony and also to life imprisonment as an habitual criminal, but only sentenced him to life imprisonment as an habitual criminal.

This same question was before this court in the case of *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485-496,

102 N. E. 2d 630, wherein it was held that the failure of the trial court to sentence a defendant for a term of imprisonment agreeable to the applicable statute for the crime he was charged with before being sentenced to life imprisonment as an habitual criminal as provided in §§9-2207 and 9-2208, Burns' 1956 Repl. [Acts 1907, ch. 82, §1, p. 109], was an irregularity and it might be considered a reversible error, but such error must be presented to the trial court in a proper motion to modify the judgment to conform to the habitual criminal statute and from the overruling of said motion the defendant could appeal. If the defendant fails to make a proper motion to modify the judgment the error, if any, is waived. *Jackson* v. *State* (1953), 232 Ind. 453-465, 112 N. E. 2d 433; *Williams* v. *State* (1954), 233 Ind. 327, 329, 119 N. E. 2d 457. No motion to modify the judgment was ever filed. Therefore, this alleged error was waived.

We next consider the last or 14th paragraph, wherein it is alleged that the Indiana Habitual Criminal Act, §§9-2207, 9-2208, *supra,* is unconstitutional and that therefore the trial court did not have jurisdiction to sentence the petitioner. This same question was before this court on numerous occasions and the constitutionality of the act has been repeatedly upheld. *Smith* v. *State* (1957), 237 Ind. 532, 146 N. E. 2d 89, and cases therein cited. This averment in his petition is without merit.

The petitioner has wholly failed to allege or aver in his petition for a belated appeal any grounds or merit for an appeal.

Therefore, the petition is denied.

Arterburn, Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 610.