LAKE COUNTY DEPARTMENT OF PUBLIC WELFARE ET AL. *v.* ROTH.

[No. 29,882. Filed May 4, 1961.]

*Forrest E. Gantenbein,* of Hammond, for appellants.

*Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellees.

JACKSON, J.—This is an action brought by the appellees against the appellants in the court below for a writ of habeas corpus to recover the custody of Gilbert Roth and Steven Roth, minor children of Joan Roth, who were wards of the Lake County Department of Public Welfare by order of the Lake Juvenile Court.

The appellants filed their verified return to appellees amended petition alleging therein that the two minor children were wards of the Lake County Department of Public Welfare under judgments duly entered in the Lake Juvenile Court, the last of which was entered January 5, 1959, a certified copy thereof being attached to said return and made a part thereof. Appellants contended the judgments of the Lake Juvenile Court were entered by a court of competent jurisdiction possessing exclusive original jurisdiction over delinquent, dependent or neglected children and, therefore, the Superior Court was without jurisdiction to inquire into the legality of said judgments or any process whereby the minor children are in the custody of said Welfare Department.

The trial of the aforesaid issues was to the court. The court decided said issues for appellee, Joan Roth, and against appellants, and entered its judgment in said cause. Such judgment in pertinent part reads as follows, to-wit:

"It is therefore ordered, adjudged and decreed by the court that the order and judgment of the Lake Juvenile Court entered on the 5th day of January, 1959, in Cause No. 13365 entitled 'In Re: Steven Roth' is illegal and void and that the order and judgment of the Lake Juvenile Court entered on the 5th day of January 1959 in Cause No. 13364 entitled 'In Re: Gilbert Roth' is illegal and void

and that the petitioners, Steven Roth and Gilbert Roth, be, and they are hereby, discharged from the custody of the Lake Department of Public Welfare, Fred H. Steininger, Director of Lake County Department of Public Welfare, Oscar Gavronsky and Sarah Gavronsky, and that the custody of said petitioners, Steven Roth and Gilbert Roth, be, and it is hereby, awarded to Joan Roth, their natural mother and next friend in this proceedings and that the petitioners recover of the respondent Lake County Department of Public Welfare their costs and charges in this cause laid out and expended."

From this judgment stems the appeal herein.

On April 4, 1961, the appellee filed in this court a pleading denominated appellees information of supplemental action by trial court and supplemental motion to dismiss appeal. Such pleading alleges that on the 28th day of March 1961, the trial court in the original action, being cause No. 459-42, Lake Superior Court, sitting at Gary, Indiana, entered the following order in said cause, to-wit:

"This cause having been under advisement on plaintiffs' motions to set aside judgment and dismiss this cause and defendants' objection thereto, the Court now finds that it did not have jurisdiction in this cause and that the judgment rendered herein on February 4, 1959, is therefore a nullity and void and that said judgment should be set aside, vacated, and held for naught, Judgment accordingly. Plaintiffs' motion to dismiss said cause is now sustained and this cause is ordered dismissed. Costs vs. Petitioners. Judgment accordingly. Anthony B. Roszkowski."

The situation presented by the present state of the record is unique to say the least. This court has previously held that the appeal removes the entire cause to the higher court, and deprives the trial court of any further jurisdiction over the action.

*Westfall* v. *Wait* (1903), 161 Ind. 449, 68 N. E. 1009; *State* v. *Gurecki* (1954), 233 Ind. 383, 119 N. E. 2d 895. It therefore follows that the attempted action in the court below is wholly and utterly void.

This action having been instituted in the Lake Superior Court, Room Four, by the appellees here, and they by their action in the lower court having ■ sought to accomplish there the result sought by the appellants in this court, we will take cognizance of the action of the appellees in the court below for the purpose of determining the action here on the merits. The appellees here, plaintiffs below, by their proceedings supplemental acknowledge the lack of jurisdiction of the trial court, this is in effect a confession of error and we so consider it.

The original judgment of the Lake Superior Court, Room Four, should be and is hereby reversed, and said court is directed to enter judgment in accordance with this opinion, all at the costs of the appellee.

Landis, Achor and Arterburn, JJ., concur.

Bobbitt, C. J., concurs in result.

NOTE.—Reported in 174 N. E. 2d 335.