DELOIS RAY *v*. WAYNE A. STANTON, DIRECTOR OF THE MARION COUNTY DEPARTMENT OF PUBLIC WELFARE.

[No. 2-373A78. Filed March 5, 1975.]

*John T. Manning, David S. Walker,* of Indianapolis, for appellant.

*G. Terry Cutter, Carl J. Meyer, Rhoads, Meyer, Buehl & Cutter,* of Indianapolis, for appellee.

WHITE, J.—Appellant filed a Petition for a Writ of Habeas Corpus in the Superior Court of Marion County seeking to regain the custody of her three infant children from the appellee, Director of the Marion County Welfare Department, who filed a Motion to Dismiss alleging that the Superior Court lacked subject matter jurisdiction in that he held the children pursuant to a commitment order of the Marion County Juvenile Court. The motion was sustained. Appellant appeals from the judgment dismissing her complaint.

We affirm.

The basic events pertinent to this appeal are undisputed. Petitioner and her three children then 4, 2, and 1 years of age, had been evicted from their residence on January 9, 1972. On January 25, they appeared at the Salvation Army Headquarters and requested food and lodging, which was provided for that night. The following day the police and the Welfare Department were summoned and the children were taken to the Marion County Guardian's Home. Subsequently, on February 11, the Welfare Department filed in the Juvenile Court of Marion County a petition that the children be adjudged neglected. The same day that court issued an *ex parte* order committing the children to the care and custody of the Welfare Department pending a hearing on the petition. Summons issued without a copy of the Petition.

On May 25 appellant filed her Complaint for Habeas Corpus in the Superior Court. On the same day that court issued a

Writ of Habeas Corpus directed to the appellee. On June 5 the appellee filed his Motion to Dismiss alleging that the Superior Court was without jurisdiction of the subject matter. An uncertified copy of the Juvenile Court commitment order was attached as an exhibit to the Motion. On October 4 appellant filed her memorandum in opposition to the Motion to Dismiss. Her memorandum admitted sufficient facts to establish that the Juvenile Court had obtained exclusive jurisdiction. The Superior Court sustained the motion and dismissed the cause.

The ruling of the Superior Court was clearly correct. IC 1971, 33-12-2-3, Ind. Ann. Stat. § 9-3103 (Burns 1974 Supp.), provides that the Marion County Juvenile Court has "original exclusive jurisdiction . . . in all cases in which a child is alleged to be delinquent, dependent, or neglected. . . ." The matter had been brought before the Juvenile Court by the filing of a petition as required by IC 1971, 31-5-7-7 (Burns Code Ed.), and was still pending in that Court. The Superior Court was without jurisdiction to proceed further. *State, ex rel. Geckler* v. *Cox* (1937), 212 Ind. 440, 9 N.E.2d 93.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.