SMITH *v.* THE DISTRICT TRUSTEES, &c.

A statement of the demand before a justice of the peace is sufficient, if it
apprize the defendant of the nature of the claim, and be such that a judg-
ment in the suit may be used as a bar to another action for the same cause.
In a suit by the trustees of a school-district for a tax alleged to be due from
the defendant, the enumeration of persons and valuation of property in the
district, may be shown by one list, and the assessment of taxes by another.

*Friday,*      ERROR to the *Henry* Circuit Court.
*November 23.*
SULLIVAN, J.—This suit was commenced before a justice
of the peace. The statement of the cause of action filed by
the plaintiffs below alleged " that the defendant, *Smith*, owed
the sum of eight dollars and 96 cents for tax due to the dis-
trict for the year 1837, to defray the expense of building a
school-house in said district, being the sum due by him to
said district and demanded by an assessment of all the pro-
perty of said *Smith* subject to taxation; that the said sum
of eight dollars and 96 cents, *tax laid*, was demanded of said
*Smith* according to law, but he refused to pay, &c." The

defendant below filed "his defence" to the action before the justice of the peace, but the record does not inform us what it was.  Judgment was given for the plaintiffs by the justice of the peace.  Smith appealed, and judgment was also given for the plaintiffs by the Circuit Court.

On the trial in the Circuit Court, the defendant moved the Court to dismiss the suit for want of a sufficient statement of the plaintiffs' cause of action.  The Court overruled the motion, and this is the first error assigned by the plaintiff in this Court.  We think the plaintiffs' statement of their cause of action sufficient.  It acquaints the defendant with the nature of the plaintiffs' demand, the amount demanded of him, and on what account it was owing.  Formal pleading in suits before justices of the peace is not required.  A simple statement which will apprize the defendant of the nature of the plaintiff's demand, so that he be not embarrassed in his defence, and so that the judgment may be used as a bar to another suit for the same cause of action, is sufficient. The statement in this case contains those requisites.  Besides, the defendant filed "his defence" to the action before the justice of the peace, and it appears by the record that an issue was made, and that issue tried by a jury.  It was too late to object to the plaintiffs' statement after taking issue upon it.

The plaintiffs below, to support their cause of action, offered in evidence a certified copy of a list containing an enumeration of all the freeholders and householders in the school-district who were voters, and of all who were under the age of 21 years, the quantity of lands owned by each, and the valuation thereof, — also a copy of the tax-list, certified by the district-clerk, showing the amount of tax assessed against each individual according to the valuation of his property. The defendant objected to the introduction of the tax-list, because it did not contain a list of the property in the district subject to taxation, but the Court overruled the objection. In this the Court did not err.  The objection of the defendant was fully met by the introduction of the first mentioned list.  The enumeration, valuation, assessment, &c., might have been contained in one list, which list, or a certified copy of it, is, by the statute, made prima facie evidence that the tax therein annexed to each person's name is due, &c.;

Nov. Term, but if the enumeration and valuation be contained in one list,
1838. and the assessment in another, it does not matter, if the
requisites of the statute be substantially complied with. We
think they were, in the present case, and that the judgment
should be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.*
damages and costs.

*J. S. Newman,* for the plaintiff.
*J. B. Ray,* for the defendants.