MULLEN *v.* THE BOARD OF COMMISSIONERS OF DECATUR COUNTY.

In a justice's Court, a statement of the demand is sufficient if it apprise the defendant of the nature of the claim, and be such that a judgment in the suit may be used as a bar to another action for the same cause.

Thus, in a suit against a county board for surgical services rendered to a pauper, the complaint need not aver that the account had been presented to the board for allowance, and rejected.

Under section 8, 1 R. S. p. 101, there can be no recovery for medical or surgical services rendered to a pauper either voluntarily, or at the request of a township trustee.

*Saturday,*
*November* 28.

APPEAL from the *Decatur* Circuit Court.

STUART, J.—Doctor *Mullen* sued the board of commissioners of *Decatur* county, for surgical services rendered to a pauper. In the justice's Court he recovered judgment. The board appealed.

In the Circuit Court, the board of commissioners renewed the motion made and overruled below, to dismiss the suit for want of a sufficient cause of action, assigning

two causes: 1. That it did not appear that the account had been presented to the commissioners for allowance, and rejected. 2. Because the complaint did not state facts sufficient, &c.

Nov. Term, 1857.

MULLEN
v.
THE BOARD, &c., OF DECATUR Co.

The complaint is in these words: *Bernard F. Mullen* complains of the board of commissioners of *Decatur* county, state of *Indiana*, and says that on the —— day of ——, 1855, the said county of *Decatur* was indebted to him in the sum of thirty dollars, for surgical services, rendered in adjusting a fracture of the thigh, furnishing splints, bandages, and surgical assistance and treatment, by said plaintiff, rendered for —— *Sidwell*, whose given name is unknown, an idiot pauper of *Marion* township, in said county and state—a bill of particulars of which is herewith filed; that the surgical services, as aforesaid, so rendered, were necessary; that the said *Sidwell*, pauper as aforesaid, for whom said surgical services were rendered, at the time the same were rendered, as aforesaid, was suffering great bodily pain, and rendered the said surgical treatment as aforesaid necessary to be rendered; and that the same were rendered, as aforesaid, without the request of the trustees of the township of *Marion*, in the county and state aforesaid, or either of them, because of the necessity that the same should be rendered immediately, as aforesaid.

There is a second paragraph alleging the same state of facts as to the treatment subsequent to the adjustment, only that the services were rendered at the request of one of the trustees of the township,—concluding with a demand of judgment for 30 dollars.

And the only question which the record presents, is, the sufficiency of the complaint.

The pleadings in justice's Courts have always been regarded liberally. In that Court, a statement of the demand is sufficient, if it apprise the defendant of the nature of the claim, and be such that a judgment in the suit may be used as a bar to another action for the same cause. *Smith* v. *District Trustees, &c.,* 5 Blackf. 40 (1).

In this light we do not think the fact that the account

Nov. Term, 1857.

MULLEN
v.
THE BOARD, &c., OF DECATUR Co.

had been presented to the board for allowance and had been rejected, was material to be averred in a complaint before a magistrate. It might have been very proper to make such averment; but the absence of it did not so obscure the complaint as that the defendant could not understand what he was called to answer; nor present the slightest obstacle to the judgment in the suit being used as a bar to another action for the same cause. It would very materially impair the usefulness of this popular Court, if the parties were held to technical strictness in pleading.

We think the complaint, in that particular, sufficient.

2. The second objection is in the nature of a demurrer, viz., that the complaint does not state facts sufficient to constitute a cause of action.

In support of this position, the following statutory provision is relied upon, viz.: "It is hereby specially made the duty of such board to contract with one or more skillful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum; and may also contract with physicians to attend upon the poor, generally, in the county; and no claim of a physician or surgeon for such services shall be allowed by such board, except in pursuance of such contract." 1 R. S. p. 101, s. 8.

An inquiry might here be suggested applicable to the question first considered, whether the presentation of such a claim as doctor *Mullen's* to the board, would not have been wholly unavailing, under the last clause of the foregoing section; and hence, not necessary to be performed before suit brought. The law does not require a nugatory or unavailing act. The section quoted positively prohibits the board from making any such allowance for medical or surgical services.

This prohibition has another important bearing on this case. It precludes the Courts from raising any implied assumpsit on the part of the county, to pay for such services as these claimed by doctor *Mullen*. His complaint does not absolutely preclude the inference of a contract with the county board, within the meaning of the section just

quoted.  But its purport seems to be that the services in adjusting the fracture were voluntary; and those subsequent to the adjustment of the fracture, rendered at the request of one of the trustees of the township.  In neither case can he recover.  The case of *The Board, &c.* v. *Chitwood* is exactly upon the point, and conclusive against his right to recover.  8 Ind. R. 504 (2).  If, under this law, a physician renders services to paupers or prisoners, he must do so in obedience to the promptings of humanity, and not with a view of remuneration from the county.  The declared purpose of the legislature is to prohibit payment for such services, unless done under contract.  To this purpose the Courts must give effect.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*J. S. Scobey* and *O. B. Hord*, for the appellees.

(1) Touching this point, counsel for the appellant cited *Denby* v. *Hart*, 4 Blackf. 13; *Smith* v. *The District Trustees*, 5 *id.* 40.  Counsel for the appellees cited *Vandagrift* v. *Tate*, 4 Blackf. 174; *Hamilton* v. *Ewing*, 6 *id.* 88; *Williams* v. *Dickerson*, 8 *id.* 287; *Hall* v. *Johnson*, 3 *id.* 363; *Poundstone* v. *Lewark*, 4 *id.* 173.

(2) See *The Board, &c.* v. *Boyle, ante,* 296.