Robbins v. Board of Commissioners of Morgan County.

Filed Nov. 27, 1883.

---

10,825

ROBBINS v. BOARD OF COMMISSIONER OF MORGAN COUNTY.

TOWNSHIP TRUSTEE.—*Physician for Poor.—County Commissioners.*—A physician employed by a township trustee to treat the poor is not entitled to compensation from the county, if the county board has provided adequate medical service for the poor of his township. R. S. 1881, section 5764.

From the Morgan Circuit Court.

*J. V. Mitchell* and *J. F. Cox*, for appellant.

*L. Ferguson, G. W. Grubbs, M. H. Parks, —. Smock* and *—. Renner*, for appellee.

HAMMOND, J.—Appellant filed his claim before the Board of Commissioners of Morgan county for medicines furnished, and medical services rendered, to certain poor families in Brown township, in that county, at the instance of the township trustee. His claim not being allowed, he appealed to the

court below.    The case was tried by the court, and, at the request of the parties, the court found the facts specially, and stated its conclusions of law thereon, in writing.

The following are the findings of facts and conclusions of law:

"1. That in the year 1882 the plaintiff was and yet is a reputable and practicing physician residing at Mooresville, in Brown township, Morgan county, Indiana, and during said year, as such physician, plaintiff furnished medicines and rendered medical assistance to William Kays and his family, and to the family of John Crayton, who were then and there temporary poor of Brown township in said county.

"2. That said services and medicines were so furnished and rendered by the plaintiff, under the employment and by authority of Thomas A. Richardson, who was then and there the trustee of said Brown township in said county; that said poor persons were sick, and needed proper medicines and medical attention.

"3. That said medicines and medical attention are worth the sum charged therefor by plaintiff, viz.:   $62\frac{25}{100}$ dollars, and the same is due and wholly unpaid.

"4. That prior to and at the time said services were rendered by the plaintiff, the board of commissioners of said county had employed by the year four reputable, well qualified physicians and surgeons, viz.:   Drs. Benj. Perce, Amos W. Reagan, Philip McNab and John M. Snoddy, all residing at the same place with the plaintiff, to attend to all the medical and surgical wants and cases of the temporary poor of the township in which the persons resided who were attended by the plaintiff, and embracing all the items in plaintiff's account herein.

"5. That said physicians were able and capable to render the services for which plaintiff claims judgment herein.

"6. That said physicians, nor either of them, were notified by said trustee, nor by any one else to perform such services.

"7. That this plaintiff had no knowledge that either of said physicians were, or were not, so notified.

"8. That said provision by said board of commissioners for the medical attendance upon all the temporary poor of said township where said poor persons were treated by plaintiff, and for which he brings his action, were ample and sufficient.

"Upon the foregoing special finding of facts the court renders the following as its conclusions of law:

"That plaintiff is not entitled to recover of said defendant for the services rendered and medicines furnished, which are claimed in this action, and that no liability exists upon the part of the defendant therefor.

"AMBROSE M. CUNNINGHAM, Judge."

The appellant excepted to these conclusions of law. He assigns in this court the following error: "The court below erred in its conclusions of law upon its special finding of the facts." The following sections are copied from the Revised Statutes of 1881:

"6066. The township trustees of the several civil townships of this State shall be the 'overseers of the poor' within their respective townships, and shall perform all the duties with reference to the poor of their respective townships that may be prescribed by law."

Section 6069 requires every county to relieve and support all poor and indigent persons lawfully settled therein whenever they stand in need of such relief and support.

"5764. It is hereby specially made the duty of such board" (the board of county commissioners), "to contract with one or more skillful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum, and may also contract with physicians to attend upon the poor generally in the county; and no claim of a physician or surgeon, for such services, shall be allowed by such board except in pursuance of the terms of such contract: *Provided,* That this section shall not be so construed as to prevent the overseers of the poor, or any one of them, in

townships not otherwise provided for, from employing such' medical or surgical services as paupers within his or their jurisdiction may require."

It is manifest from the above that the support of the poor is made a county, rather than a township, charge. The township trustees in their respective townships perform such duties only with reference to the poor as may be prescribed by law. The county board may contract with physicians to attend upon the poor generally of the county. In the absence of such contract, trustees, in their respective townships, may, at the expense of the county, employ such medical and surgical services as the paupers within their jurisdictions require. But their authority to make such employment exists only where the county board has failed to engage medical services for the poor generally in their townships. The agency of the township trustee in this respect is special. If he exceeds his authority, the county is not bound. Those who accept employment from him for medical attendance upon the poor, must, at their own risk, enquire into his power to bind the county.

The decisions of this court fully sustain these views. *Mullen* v. *Board, etc.,* 9 Ind. 502; *Board, etc.,* v. *Wheeldon,* 15 Ind. 147; *Board, etc.,* v. *Boynton,* 30 Ind. 359; *Conner* v. *Board, etc.,* 57 Ind. 15.

The facts found specially by the court show that the appellant's employment by the township trustee to render the medical services to the poor, for which he sues the county, was not authorized by statute. The county board had already made ample provision by the employment of competent physicians and surgeons for the medical wants of the poor of that township. The county was not liable, therefore, for the payment of the appellant's services. The court below did not err in its conclusions of law.

Judgment affirmed, at appellant's costs.

Filed Nov. 27, 1883.