## WESTFALL *v.* WAIT ET AL.

[No. 20,060.   Filed November 24, 1903.]

APPEAL.—*Restoring Cause to Docket of Trial Court.*—*Appointment of Receiver.*—An appeal from a final judgment rendered generally upon the issues in a cause, when properly perfected, carries the whole case embraced within the final adjudication absolutely from the jurisdiction of the trial court to the appellate tribunal, and the trial court, in an appeal from a judgment setting aside a will, has no power, while the appeal is pending, to redocket the cause and entertain a petition for the appointment of a receiver. *pp. 450–452.*

SAME.—*Intermeddling.*—The only exception against the rule of intermeddling in an appealed case recognized by the Supreme Court is the authority of the trial court to allow a new trial as of right under the provision of §1076 Burns 1901, pending an appeal. *p. 452.*

From Marion Circuit Court (10,150); *H. C. Allen,* Judge.

Proceeding by Harriet Westfall for the appointment of a receiver in a cause pending on appeal in the Supreme Court. From a judgment sustaining a motion to strike out the petition, plaintiff appeals. *Affirmed.*

*W. V. Rooker,* for appellant.
*Samuel Ashby,* for appellees.

Vol. 161—29

Westfall *v.* Wait.

HADLEY, J.—In an action brought by appellant against the appellees in the Marion Circuit Court to contest the will of Clark Wait, final judgment was rendered for the plaintiff on February 24, 1902. The defendants (appellees) took a general appeal from the judgment, and perfected their appeal by filing a transcript and bond in this court on June 18, 1902. On October 23, 1902, while said appeal was still pending in the Supreme Court undetermined, the trial court, upon appellant's motion, ordered said appealed case, under its original number, restored to the docket of said court, whereupon appellant filed in said original cause her petition for the appointment of a receiver. After said cause had been redocketed and the petition for the appointment of a receiver filed therein, appellant served notice upon appellees' attorney of record in said original case, that she would upon the following day present said petition to the court for hearing. No summons or other notice to appellees was issued or requested upon said petition. Appellees, by attorney, appeared specially, and moved the court to strike said petition for a receiver from the files, which motion was sustained, and, appellant refusing to plead further, and electing to stand by her exception, judgment was rendered against her for costs, from which she appeals.

It is manifest from the steps taken and attempted by appellant that she did not regard her proceeding as an independent action for the appointment of a receiver, but proceeded upon the theory that she had the right to restore the old case to the docket of the circuit court while it was pending undetermined in the Supreme Court, and to file in the case an additional pleading.

The central and controlling question therefore is: When a civil action is pending in an appellate tribunal on a general appeal from a final judgment, does the trial court retain such jurisdiction of the case and parties as will warrant the original plaintiff in having such appealed cause

redocketed in the trial court, and to file therein, as a further proceeding in the cause, a petition for the appointment of a receiver? This question must be answered in the negative. It seems to be thoroughly settled by the decisions of the American courts that an appeal from a final judgment rendered generally upon the issues in a cause, when properly perfected, carries the whole case embraced within the final adjudication absolutely from the jurisdiction of the trial court to the appellate tribunal. Elliott, App. Proc., §541. The rule is tersely stated in the text of 2 Ency. Pl. & Pr., 327, thus: "Where an appeal has been perfected, the jurisdiction of the appellate court over the subject-matter and parties attaches, and the trial court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded." Citing many authorities. In *State, ex rel.,* v. *Kolsem,* 130 Ind. 435, 14 L. R. A. 566, this court used the following language: "If the appellees had perfected their appeal, there could be no doubt that the case would have been entirely removed from the jurisdiction of the trial court."

At the bottom of the rule is the infeasibility of two courts having authority over the same case at the same time. The right to retax costs, to correct the record of the trial proceedings, to enforce the judgment when not stayed by order or supersedeas, and the like, remain in the trial court as incidents essential to the perfection and effectiveness of the litigation; but after the case the parties made has been finally adjudicated, and the parties dismissed from further attendance upon court, or the case transferred to another jurisdiction by appeal, there remains in the trial court no power to entertain in the original case a first petition for a receiver, and thus reopen the issues and extend the litigation between the parties affecting the subject-matter of the appeal, without first bringing the parties back into court in the manner pro-

vided by law. See *Alexandria Gas Co.* v. *Irish,* 152 Ind. 535.

The only exception to the rule against intermeddling in an appealed case that this court has recognized is the authority of the trial court to allow a new trial as matter of right under the plain provision of §1076 Burns 1901, pending an appeal. See *Indiana, etc., R. Co.* v. *McBroom,* 103 Ind. 310; *Atkinson* v. *Williams,* 151 Ind. 431.

There was no case pending in the circuit court between these parties when appellant filed her petition for a receiver; hence the petition was properly stricken from the files.

Judgment affirmed.