## BLOOMFIELD BRICK COMPANY *v.* BLAKER.

[No. 14,548.   Filed March 30, 1932.]

*Richard A. Boyd* and *Emory M. Schulze,* for appellant.
*Thomas VanBuskirk,* for appellee.

NEAL, J.—Rueben Blaker (appellee herein), was awarded compensation at the rate of $12.40 per week for a period of 100 weeks for an injury arising out of and in the course of his employment. The Industrial Board found that Rueben Blaker was in the employment of the Bloomfield Brick Company (appellant herein), on May 31, at an average weekly wage of $22.55, and, on said date, plaintiff (appellee herein) received a personal injury in the nature of a laceration of the fourth finger of the right hand, which became infected and affected the entire right hand, as a result of an accident arising out of and in the course of his employment by defendant; that, on August 3, 1931, the Industrial Board approved a compensation agreement executed by plaintiff and defendant under the date of June 18, 1931, whereby plaintiff was to receive compensation at the rate of $12.40 per week, beginning on June 8, 1931, and to continue during the period of plaintiff's disability, not exceeding the period fixed by law, the defendant to pay the necessary and reasonable surgical, medical and hospital expenses for the first 30 days after the injury; that compensation was paid up to and including July 26, 1931; that, on August 21, 1931, plaintiff filed his application for review of the original award, wherein he alleged that his injury received on May 31, 1931, had resulted in a permanent partial impairment; that, on September 21, 1931, after filing of plaintiff's application on August 21, 1931, the defendant tendered to the plaintiff and requested that he submit to a surgical operation to amputate his ring finger at the metacarpal phalangeal joint, and said tender of operation was renewed on October 17, 1931, and the plaintiff refused to submit to the proffered surgical operation; that the injury resulted

in a total partial impairment of 50 per cent of the right arm below the elbow, and that he is entitled to compensation at the rate of $12.40 per week for a period of 100 weeks beginning June 8, 1931. The Industrial Board ordered the defendant to pay compensation to the plaintiff at the rate of $12.40 per week for a period of 100 weeks.

Appellant agrees that appellee is suffering a 50 per cent impairment to his right arm but contends that the impairment is not permanent under the terms of the Workmen's Compensation Act; that the impairment can be materially reduced by an operation for the removal of the injured finger; that the impairment now existing is not due to the injury but to appellee's refusal to submit himself to the proffered operation for the removal of such injured finger; that, because of such refusal, appellee has forfeited the right to compensation during the period of such refusal.

Section 25 of the Workmen's Compensation Act (Acts 1929 p. 536, ch. 172, provides, among other things, that "During the first thirty days after an injury the employer shall furnish or cause to be furnished, free of charge to the injured employee, an attending physician, for the treatment of his injuries, and in addition thereto such surgical, hospital and nurse's services and supplies as the attending physician or the Industrial Board may deem necessary.

"And during the whole or any part of the remainder of the period of disability or impairment resulting from the injury, the employer may continue to furnish such physician, services and supplies. If, by reason of the nature of the injury or the process of recovery, treatment is necessary for a longer period than thirty days, the Industrial Board may require the employer to furnish such treatment for an additional period, not exceeding thirty days. The refusal of the employee to

accept such services and supplies, when so provided by the employer, shall bar the employee from all compensation during the period of such refusal."

Under this section (§25, *supra*), it is apparent that the employer may be required to furnish medical and surgical services for a period of 60 days after the date of the injury, and, while the employer cannot be required to furnish such services for a longer period, he may, if he desires, furnish such services for a longer period and *"during the whole or any part of the remainder of the period of disability."* (Our italics.) When the employer provides and furnishes medical or surgical services, whether such services are furnished during the 60-day statutory period or upon the employer's own volition after the expiration of the 60-day statutory period, it becomes the duty of the employee to accept such medical and surgical services when so provided by the employer. The statute provides that "the refusal of the employee to accept such services and supplies, when so provided by the employer, *shall bar the employee from all compensation during the period of such refusal."* (Our italics.) The services offered must be reasonable, and, if offered by the employer after the expiration of the 60-day statutory period, the offer must be reasonably and seasonably made, and whether or not such offer is reasonably and seasonably made and unreasonably refused depends upon the facts of the particular case and rests within the sound discretion of the Industrial Board.

In the case under consideration, the record does not show that appellant tendered appellee an operation for the removal of the injured finger until the close of the defense evidence at the hearing before the single member on September 21, 1931. There being no offer prior to the hearing, the question of the employee's refusal to accept such services could not

have been before the Industrial Board, for that issue, which would have been a defense to such action, was not presented. The Industrial Board would have been powerless and without authority to order an operation or to suspend compensation. See *Bradbury* v. *Hymera Coal & Mining Co.* (1931), 92 Ind. App. 626, 176 N. E. 875.

The evidence is sufficient to support the award and the same is not contrary to law.

The award is affirmed and is increased in the sum of five per cent as provided by law.