PIPKIN *v*. CONTINENTAL STEEL CORPORATION.

[No. 16,230. Filed October 25, 1938.]

*George C. Uhlir*, for appellant.

*James L. Murray*, for appellee.

DUDINE, C. J.—This is an appeal from an award of the Industrial Board.

The Industrial Board found among other facts that on October 22, 1937, appellant suffered an injury as the result of an accident arising out of and in the course of his employment by appellee; that said injury resulted in a right inguinal hernia; that on November 19, 1937, appellee proffered appellant an operation for the correction of said hernia; that appellant refused to accept such surgical services offered by appellee; that subsequently appellant was operated on by a surgeon of his own choice.

The Industrial Board also found "that plaintiff by his refusal to accept the medical attention tendered him by defendant relinquished all claim to compensation or other relief under the provisions of the Workmen's Compensation Act."

The board ordered that appellant take nothing. Appellant assigned the statutory error that the award is contrary to law.

There is but one question presented in this appeal and that is the question whether or not the evidence sustains the finding of the Industrial Board that appellant refused the surgical attention offered by appellee within the meaning of a refusal of such service as is intended by Sec. 40-1225 Burns 1933, amended 1937 (§16401 Baldwin's Supp. 1937).

The evidence shows that from October 22, 1937, the date of the accident, until November 19, 1937, appellant consulted two "company doctors" furnished by appellee, and two doctors of his own choice. The company doctors advised against an operation on the diagnosis that appellant did not have a "complete hernia" and the other doctors advised appellant to undergo an operation upon the diagnosis that he *was* suffering from a "complete hernia." On November 19, 1937, appellant requested an operation to be provided by appellee and appellee advised against it, but appellee later agreed to provide

services of one of said company doctors for such operation. Thereafter appellant refused to accept the services of said surgeon and submitted to an operation by one of said other doctors chosen by him. Appellant's reason for declining the services of said company surgeon was that he (appellant) thought that said surgeon "did not know what was the matter with him."

Sec. 40-1225 Burns (amended in 1937), §16401 Baldwin's *supra*, provides as follows: .

"During the first ninety days after an injury the employer shall furnish or cause to be furnished, free of charge to the injured employee, an attending physician, for the treatment of his injuries, and in addition thereto such surgical, hospital and nurse's services and supplies as the attending physician or the industrial board deem necessary.

". . . The refusal of the employe to accept such services and supplies, when so provided by the employer, shall bar the employe from all compensation during the period of such refusal."

It should be noted that the services and supplies, the refusal of which bars employees from compensation, are the services and supplies referred to in the first grammatical paragraph of Sec. 40-1225 Burns 1933 (amended 1937), §16401 Baldwin's, *supra*, to wit, "such surgical, hospital and nurse's services and supplies as the attending physician or the industrial board may deem necessary."

Appellant contends that a refusal of such services by the employee does not bar his claim for compensation unless the refusal is unreasonable and cites *Witte* v. *J. Winkler & Sons, Inc.* (1933), 98 Ind. App. 466, 190 N. E. 72, in support of said contention. That case supports appellant's point, but the question whether or not a refusal of such services is reasonable depends upon the facts of the particular case and such question rests in the sound discretion of the Industrial

Board. *Bloomfield Brick Co.* v. *Blaker* (1932), 94 Ind. App. 230, 180 N. E. 501.

The qualification of the company surgeon and his ability to perform the operation were proven and undisputed. No reason was given for the refusal to accept his services except that appellant did not have confidence in him. To hold such reason sufficient would, in effect, be a holding that the employer must furnish a surgeon satisfactory to the employee. The statute does not give to the employee the privilege of choosing the surgeon. To so hold would be materially changing the effect of the statute and would constitute a precedent upon which fraud and injustice could be logically based.

The evidence does not show conclusively that appellant's refusal to accept the company surgeon's services was reasonable. There is evidence in the record which sustains the finding of the Industrial Board as to such question.

Award affirmed.

Laymon, J., dissents.

### DISSENTING OPINION.

LAYMON, J.—I am unable to agree with the conclusion reached in this case by a majority of the court.

There is no contention concerning the facts. After appellant was willing to undergo the surgical operation for the relief of a right inguinal hernia resulting from an injury arising out of and in the course of his employment, he consulted two doctors selected by his employer and two doctors of his own choice. The doctors designated by the employer advised against the operation, and the doctors chosen by appellant advised him to undergo the operation.

Although appellee knew that its doctors had advised against the operation, appellee proferred the services of

one of them to appellant. The offer was refused, and appellant submitted to the operation by a doctor of his own choosing.

The court, in its opinion, concedes that a refusal of such medical and surgical services by an employee does not bar his claim for compensation, unless the refusal is unreasonable, and refers to the case of *Witte* v. *J. Winkler & Sons, Inc.* (1934), 98 Ind. App. 466, 190 N. E. 72. In that case this court held that the burden of proving that the employee's failure to accept such services was unreasonable and without just cause is upon the employer.

There is no express provision in the Workmen's Compensation Act applicable to the facts here authorizing the employer to designate who the surgeon shall be, nor was such the intention of the Legislature. There is no provision in the statute denying the employee the privilege of choosing his own surgeon. The most that can be said of the statute is that it requires the employer to furnish the services in order to fix liability therefor within the period specified by the statute.

In the case of *Witte* v. *J. Winkler & Sons, Inc., supra,* this court very wisely stated (p. 475) : "This question of the justification of an employee in refusing proffered services of a physician or surgeon tendered by his employer is one of great importance to this court as well as to the Industrial Board. . . .

"The question of whether an employee is justified in refusing to submit to a surgical operation proffered by his employer is one that has to do largely with the personal element. It is the employee upon whom the operation has to be performed, and his rights and interests should be seriously considered."

The question in the instant case is not whether the surgical services proferred by the employer were reasonable, but whether or not the refusal of the employee,

under the facts and circumstances, was unreasonable. The bare fact that an employee desires to submit to the services of a physician or surgeon of his own choosing, and, by reason of that fact alone, all other facts being equal, refuses the same services proferred by his employer, is not of itself a sufficient basis to warrant the conclusion that such refusal was unreasonable.

It would be a harsh rule that bound an employee to submit to a surgical operation where life is at stake, at the hands of a surgeon, who, after diagnosing the case and consulting the patient, advised against the operation, simply because the surgeon is being furnished by the employer. Such is not the statutory law and was never intended to be. Any attempt to so make such a provision would not only be a travesty of justice but an unreasonable hardship upon employees.

To hold that the appellant, under the facts in the instant case, must be denied his compensation is not justified in fact or in law. Since the evidence is entirely lacking to sustain the conclusion reached by the Industrial Board, the award should be reversed.