FOERG ET AL. *v.* HOOVER ET AL.

[No. 30,255.   Filed April 7, 1964.]

*Thomas Essex,* of Winamac, for appellants.

*Harold R. Staffeldt,* of Winamac, for appellees.

JACKSON, J.—This is an appeal from an order of the Pulaski Circuit Court, entered December 18, 1961, establishing a drainage project.

The order, omitting caption, signature and formal parts thereof reads as follows:

"Come now the parties in person and by their counsel and arguments are made by said attorneys and this trial is concluded.

"The Court, having considered the evidence and being duly advised, now over-rules each of the individual remonstrances of Peter Foerg, John Good and Edward Fox as to each specification of said respective remonstrances.

"And there being no other remonstrances, The Reports of the Engineer and Viewers and of the Surveyor are now approved. The drainage project as reported is now established with specifications

as set forth in the reports and profile. All assessments as reported with any modifications as made are now fixed and determined. Said drainage project is ordered constructed with specifications as adopted, and the same is now referred to the Surveyor, John S. Sheppard, as Construction Commissioner, for construction.

"All preliminary costs as set forth in the schedule attached to the Engineer & Viewers' Report are allowed and ordered paid including a fee to the petitioners' attorney, H. R. Staffeldt, which is fixed at $380.00.

"All extra costs as occasioned by the respective remonstrances are taxed to the remonstrators respectively. The remonstrators by their attorney indicate that they will file motions for a new trial. Further proceedings here are stayed pending further order of court."

Thereafter, on January 9, 1962, remonstrators filed their motion for a new trial, such motion was on February 16, 1962, overruled. On April 23, 1962, remonstrators (appellants) filed their Praecipe for a transcript with the clerk of the Pulaski Circuit Court. April 27, 1962, appellants filed a petition asking that the terms of the appeal bond be fixed.

On April 30, 1962, appellees filed a motion below for an order requiring appellants to state facts to support conclusions in their petition to have appeal bond fixed, together with motion to dismiss appellants' petition, or in the alternative to dismiss appellants' motion or to refuse to approve bond or sign bill of exceptions.

May 2, 1962, the court overruled the appellants' motion and fixed the terms of the appeal bond.

May 9, 1962, appellants filed their appeal bond in the sum of two thousand five hundred dollars ($2,500), and the same was approved by the court. On May 14, 1962, appellants filed their petition in this court for

an extension of time to file transcript and assignment of errors, the petition was granted May 15, 1962, and time extended to and including June 15, 1962. The transcript and assignment of errors was filed in this court on June 6, 1962.

Appellees have filed their motion to dismiss this appeal on the ground that this court does not have jurisdiction in this cause because the appeal was not timely filed. Appellee contends that the Drainage Act of 1933, Acts 1933, ch. 264, §17, p. 1168, as amended by Acts 1945, ch. 221, §14, p. 1021, being §27-117, Burns' 1960 Replacement, contemplates that the appeal from the Circuit or Superior Court be initiated within 30 days from the overruling of the motion for a new trial.

On the pleadings before us it thus appears that the question to be resolved is, did the appellants comply with the statute relative to the appeal? (§27-117 *supra*).

The statute provides in pertinent part as follows:

" . . . An appeal may be taken from the final judgment of the circuit or superior court to either the Supreme or Appellate Court of Indiana within thirty [30] days. . . . "

Rule 2-3 of this court, *inter alia,* states the necessary steps to initiate an appeal thusly, "[an] appeal shall be initiated by filing in the office of the clerk below a praecipe designating what is to be embraced in the transcript."

The foregoing statute and rule of court with reference to appeals are not in conflict. In the recent case of *Stanton* v. *Raub* (1963), 244 Ind. 255, 191 N. E. 2d 490, we construed together the statutory provisions of the Administrative Adjudi-

cation and Court Review Act, (Acts 1947, ch. 365, §19, p. 1451; 1957, ch. 355, §7, p. 1033, being §63-3019, Burns' 1961 Replacement) requiring notice of intention to appeal within 15 days and Rule 2-2 of this Court requiring generally that the assignment of errors and transcript to be filed within 90 days (unless the statute fixes a shorter time within which to file the same) and considered the same to be separate and distinct requirements entitled to compliance on the part of the litigants.

From the record before us in the case at bar, it is clear that appellants failed to file their praecipe in the office of the clerk of the Pulaski Circuit Court within thirty (30) days from the overruling of their motion for a new trial and thereby deprived this court of jurisdiction to determine this appeal on the merits.

The motion to dismiss the appeal is sustained and the purported appeal is dismissed at the costs of appellants.

Landis, C. J., and Myers, J., concur. Arterburn, J., concurs in result. Achor, J., concurs with opinion.

## CONCURRING OPINION

ACHOR, J.—As stated by Jackson, J., "On the pleadings before us it thus appears that the question to be resolved is, did the appellants comply with the statute relative to the appeal? (§27-117, *supra*") The pertinent part of the statute pertaining to appeals is as follows:

" . . . An appeal *may be* taken from the final judgment of the circuit or superior court to either the Supreme or Appellate Court of Indiana, within thirty [30] days. A transcript of the record of such appeals and all bills of exceptions *shall be*

filed in the office of the clerk of the Supreme or Appellate Court within sixty [60] days after the filing of the appeal bond. . . . " [My italics.] §27-117, Burns' 1960 Repl.

The above statute has twice been construed by this court. In those cases we have held that appeals taken from judgments establishing drains must be perfected by the filing of an appeal bond within 30 days from the date of the judgment, and the filing of the transcript with the clerk of the Supreme Court within 60 days after the filing of the bond. *Neibert* v. *Long* (1916), 184 Ind. 494, 111 N. E. 612; *Brady* v. *Garrison* (1912), 178 Ind. 459, 99 N. E. 738.

In this case the motion for new trial was overruled on February 16, 1962. However, appellants' petition asking that the court fix the terms of an appeal bond was not filed until April 27, 1962.

Thus appellants having failed to timely prosecute the first step in their appeal according to the terms of the statute, as heretofore construed by this court, the purported appeal must be dismissed.

NOTE.—Reported in 197 N. E. 2d 524.