PETERS *v.* CASEY, TRUSTEE, ETC.

[No: 30,496.   Filed October 8, 1964.]

*Robert J. Fair,* of Princeton, for appellant.

*Harvey W. Garrett,* of Princeton, for appellee.

ACHOR, C. J.—Appellant filed a complaint for an injunction in which he charged that the appellee, as Trustee of Columbia Township, Gibson County, Indiana, arbitrarily refused to authorize indigent patients of the appellant, a licensed osteopathic physician practicing his profession in said township, to be attended and treated by the appellant, the physician of their choice. To this complaint appellee filed a demurrer which was sustained. The appellant filed an amended complaint which contained the same deficiencies as the first. It was stricken on motion of appellee. The appellant refused to plead over and judgment was rendered accordingly.

On appeal appellant does not merely allege in general terms that the action of the trustee was arbitrary; rather he asserts that such action violated his constitutional rights to practice osteopathic medicine, under Art. 1, §12 of the Indiana Constitution, and the 5th and 14th Amendments to the United States Constitution.

The relief which appellant seeks must be denied for two reasons:

First, because appellant's action presupposes a right on the part of persons receiving benefits from appellee to choose the physician from whom they shall receive treatment. In the absence of a statute giving this right, they have no such right.[1]

Secondly, the alleged violation of appellant's constitutional rights are not set out in the complaint in the trial court nor was the judgment of the trial court challenged for these reasons. Thus, the trial court had no opportunity to pass on the merits of the contentions here relied upon. Rather, appellant asserts the alleged errors relied upon for the

---

1. See: *Robbins* v. *Board of Commissioners of Morgan County* (1883), 91 Ind. 537; *The Commissioners of Morgan Co.* v. *Holman and Another* (1870), 34 Ind. 256.

Accord: *Sayre* v. *Madison County* (1934), 127 Neb. 200, 254 N. W. 874, 93 A. L. R. 896. [Denying pauper right to choose physician when county physician under contract. Letting contract equivalent to exercising choice.]

See also: Acts 1951, ch. 5, § 1, p. 8, being § 52-1131, Burns' 1951 Repl. (1964 Supp.). [Giving welfare departments authority to choose hospitals for indigents.]

Cf. *Pipkin* v. *Continental Steel Corp.* (1937), 105 Ind. App. 669, 16 N. E. 2d 984. [Unreasonable refusal by injured employee to accept the medical treatment offered by employer bars recovery of Workman's Compensation.] 99 C. J. S. Workmen's Compensation § 273, pp. 929-30. [Absent statute giving worker right to choose physician, the choice is in the first instance with the insurer or employer.] *Wickard* v. *Filburn* (1942), 317 U. S. 111, 87 L. ed. 122. [Because agricultural program enables farmer to get better than market price, government can control production of crops for farm consumption.]

first time on appeal. This he may not do. *Kennedy* v. *Kennedy* (1961), 241 Ind. 633, 173 N. E. 2d 56; reh. den. 241 Ind. 633, 174 N. E. 2d 410.

Orderly procedure commends that, if the proceedings are such that a motion for new trial is contemplated, errors of law relied upon as cause for appeal should be asserted *first* in the motion for new trial in the form of a memorandum in support of the specification that the decision of the court is contrary to law. And if the proceedings are such that no motion for new trial is contemplated, it must appear from the record that the proposition of law, asserted on appeal to have been erroneously decided, was presented in some other proper pleading before the trial court.

Judgment affirmed.

Arterburn, J., not participating.

Landis & Myers, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 201 N. E. 2d 496.