FARMERS LOAN & TRUST COMPANY *v.* MANNING ET AL.,
ADMINISTRATOR ESTATE OF LEBO, DECEASED.

[No. 20,658. Filed April 22, 1968. Rehearing denied May 20, 1968.]

Joe F. Watson, Raymond W. Hilgedag and James M. Secrest, of Indianapolis, Hilgedag & Johnson, of counsel, of Indianapolis, for appellant.

John S. Grimes, of Indianapolis, and Joe Heaton, of Tipton, for appellee, Leonette Manning, et al.

Daniel J. Harrigan, Edgar W. Bayliff, of Kokomo, Bayliff, Harrigan & Cord, of counsel, of Kokomo, for appellee, Eugene R. Chance, Admr. CTA of the Estate of Elizabeth Y. Lebo, Deceased.

SMITH, J.—This is an appeal from an order of the Circuit Court of Tipton County removing Appellant as Administrator With Will Annexed (CTA) of the Estate of Elizabeth Y. Lebo, Deceased, and appointing the Appellee Eugene R. Chance the Successor Administrator CTA.

There are two appellees, namely Leonette Manning and Eugene R. Chance, Administrator CTA of the Estate of Elizabeth Y. Lebo, Deceased. Both appellees have prepared briefs which appear to be exact duplicates and the issues raised by both appellees appear to be identical.

Briefly, the issues presented are whether or not the appellant was

(a) appointed irregularly and improvidently;

(b) appointed against the wishes of the decedent;

(c) improperly expending estate money in resisting a petition to construe the will brought by the next of kin of decedent;

(d) in a position of conflicting interests between its position of Administrator CTA and as Trustee of a Testamentary Trust created by the will.

The issues were decided by judgment and decree entered by the Judge of the Tipton Circuit Court, which decree reads as follows:

"The Court having heard the arguments of Counsel and the briefs as submitted by Counsel having been considered and being sufficiently advised in the premises finds that the averments set forth in said petition are true and that the prayer thereof ought to be granted.

"It is therefore considered and ordered by the Court that the letters of administration granted said respondent upon said estate were improperly issued and issued against the wishes of the Decedent, and the same are hereby superseded and revoked and said Administrator With Will Annexed removed from said trust; and the Court now appoints Eugene R. Chance, Administrator of said estate upon his giving bond in the sum of $200,000.00 pending accounting and otherwise qualifying according to law."

Identical petitions to dismiss or affirm this appeal were filed by Leonette Manning and Eugene R. Chance, Administrator CTA of the Estate of Elizabeth Y. Lebo, Deceased. Our court held a ruling on these petitions in abeyance until the case was fully and finally briefed upon its merits.

In presenting the question of procedure in perfecting this appeal, briefly, the respective positions of the appellees are as follows:

1. The Tipton County Memorial Hospital is a necessary party to this appeal, and since it is not a party, all the persons interested in this appeal are not before the court in direct violation of Supreme Court Rule 2-6. The Tipton County Memorial Hospital is the beneficiary of a testamentary trust created by the will of the decedent, Elizabeth Y. Lebo.

2. The appellant has failed to invoke the jurisdiction of this court because the record does not show the filing of a proper praecipe within the time allowed by Supreme Court Rule 2-2 and affirmatively shows the filing of a "Subsequent Praecipe" in the Tipton Circuit Court one hundred thirty days after judgment and forty-three days after this court had assumed jurisdiction of this appeal.

3. The assignment of errors presents no issue because the matters there urged as error should have been first presented to the trial court via a motion for a new trial which is in violation of Burns' Indiana Statutes, § 2-2401, and Supreme Court Rules 2-6 and 1-8.

4. The transcript is incomplete and does not present this court with the documents necessary for review—including the will and petition to construe the will.

5. There is no affirmative showing in the transcript of many of the things of which appellant complains, and it is the contention of the appellees that this court is precluded from reversing the decision of the trial court on the basis of what the record does not show; and that the record must specifically show error on its face before the Appellate Court can reverse the decision of the trial court.

6. The appellant, while basing much of its argument on the alleged lack of evidence at the hearing, has wholly failed to demonstrate by a proper bill of exceptions that such was a fact.

The appellant did not file a motion for a new trial, but filed an assignment of errors, which is as follows:

"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:

"1. The Court erred in removing the Administrator as a matter of law.

"2. The Court erred in denying the objections of the Tipton County Memorial Hospital and the Farmers Loan and Trust Company to its order removing the Administrator.

"3. That the Court's removal of the Administrator was an abuse of discretion.

"4. That the Court's removal of the Administrator was not based on sufficient evidence."

The appellees each contend that the Tipton County Memorial Hospital is a necessary party to this appeal and, therefore, this court lacks jurisdiction to hear this appeal.

It appears that the Tipton County Memorial Hospital, Tipton, Indiana, was not made a party to this appeal; although

it was a party to the proceedings in the Tipton Circuit Court, employed counsel to protect its interest, entered its appearance and filed objections to the removal of appellant, which said objections were overruled, and who joined in the original praecipe for transcript and the "Subsequent Praecipe" contrary to Rule 2-3 of the Supreme Court of Indiana.

It is a well settled principle of law that a court of appeal cannot reverse a judgment when the necessary parties are not before the court. Rule 2-3 of the Supreme Court of Indiana provides that "All parties to the record in the trial court shall be parties on appeal without further notice."

It seems quite apparent that any party who entered an appearance, employed counsel, filed pleadings, is made a party to the assignment of errors, and who has a financial interest in the proceedings in the trial court, is a necessary "party to the record." Rule 2-3 *makes it mandatory that "all parties to the record in the trial court shall be parties on appeal without further notice."* In this case the Tipton County Memorial Hospital, Tipton, Indiana, was not made a party in the trial court.

The appellees next contend that the filing of a praecipe within the time permitted by an appeal raises a question of jurisdiction. *Foerg* v. *Hoover* (1964), 245 Ind. 208, 197 N. E. 2d 524. In the case at bar the appellant was removed by order of the Tipton Circuit Court on the 8th day of July, 1966, and the appellant filed its praecipe sometime thereafter——the date of filing not being shown in the transcript. It is our opinion the burden is upon the appellant to show *by the record* on appeal that its praecipe was properly filed within the time allowed. The failure to meet this burden cannot be cured by indulging in inferences or presumptions in favor of the appellant. *Petty, Executrix, etc.* v. *Friel* (1960), 240 Ind. 572, 167 N. E. 2d 345, 347.

On the 3rd day of October, 1966, appellant filed a Petition

For Time to File Transcript and Assignment of Errors in this court, which petition was granted.

Approximately a month and a half after this court had assumed jurisdiction of this cause, the appellant filed with the *Tipton Circuit Court* its "Subsequent Praecipe". This "Subsequent Praecipe" was filed on November 15, 1966.

From an examination of this "Subsequent Praecipe" it appears to us the following material would not be in this transcript were it not for the "Subsequent Praecipe:"

(1) Appearance of Hilgedag, Noland & Johnson for Tipton County Memorial Hospital.

(2) Objections by Tipton County Memorial Hospital and Farmers Loan and Trust Co. to Removal of Administrator.

(3) All proceedings had on September 30, 1966 pertaining to objections to Order Removing Administrator; Stay Order; the filing of Final Report; and the fixing of appeal bond.

(4) The petition for appointment of special attorney to defend the estate against the petition to construe will and order granting the same.

The record clearly demonstrates that this "Subsequent Praecipe" was filed one hundred thirty days after final ruling of the court removing the appellant as Administrator With Will Annexed; and that said ruling was entered on July 8, 1966, which was forty-three days after this court had assumed jurisdiction of this cause. Supreme Court Rule 2-2 governing time for appeals reads in part as follows:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days from the date of the judgment or the ruling on the motion for new trial (whichever is later), unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control."

It is quite apparent that the second praecipe was filed too late and in any case long after this court had assumed juris-

diction. In the event a case is appealed and jurisdiction is assumed by this court, the lower court is deprived of any further jurisdiction over the action. See *Westfall* v. *Wait* (1903), 161 Ind. 449, 68 N. E. 1009.

It appears that if the first praecipe is the controlling praecipe, it is, therefore, inadequate since it did not specify the portions of the transcript to be certified to this court with sufficient particularity.

The first praecipe filed in this case reads as follows, to-wit:

> "To the Clerk of the Tipton Circuit Court: You are hereby requested to prepare and certify a complete transcript of the entire record of the above entitled cause as it pertains to the PETITION FOR REMOVAL OF ADMINISTRATOR to be used in appeal to the Appellate Court of Indiana. All bills of exceptions shall be included without copying."

After this court assumed jurisdiction, if the appellant wanted to include additional material in the transcript, the appropriate remedy would be to petition this court for a writ of certiorari directed to the Tipton Circuit Court. See *Price* v. *Huddleston* (1906), 167 Ind. 536, 79 N. E. 496. It is our opinion that in view of the appellant's failure to file a proper praecipe within the time for appeal, that this court is without jurisdiction to determine this appeal. See 3 Wiltrout Ind. Civ. Proc. § 2201 (8) at page 75, and *Foerg* v. *Hoover, supra*.

Another matter of procedure raised by the appellees is that the assignment of errors presents no issue because no motion for a new trial was ever filed, presented and ruled upon by the Tipton Circuit Court. It is a fundamental rule of appellate procedure that only those issues properly presented to the trial court and ruled upon by it may be reviewed. In the case of *Peters* v. *Casey, Trustee* (1964), 245 Ind. 666, 201 N. E. 2d 496, 498, our Supreme Court spoke as follows:

> "Orderly procedure commends that, if the proceedings are such that a motion for new trial is contemplated, errors

of law relied upon as cause for appeal should be asserted *first* in the motion for new trial in the form of a memorandum in support of the specification that the decision of the court is contrary to law. And if the proceedings are such that no motion for new trial is contemplated, it must appear from the record that the proposition of law, asserted on appeal to have been erroneously decided, was presented in some other proper pleading before the trial court."

It appears that the reason for this rule is to give the trial court an opportunity to correct any of its errors. This is the surest, least expensive, simplest, and most expeditious way to see that justice is done in each and every case. However, the appellant in the case at bar did not choose to present the trial court with a motion for a new trial.

The Supreme Court in Rule 2-6 states in paragraph 3 thereof the following:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, *and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal"* (emphasis supplied).

The assigned errors were not raised by motion for a new trial, and it is our opinion that they cannot now be assigned.

It is further the contention of the appellees that the transcript is grossly incomplete for the reason that the Tipton Circuit Court gave the following reasons for removing appellant:

(a) The matters set forth in the Petition To Remove Administrator are true.

(b) The Letters were improperly issued.

(c) The Letters were issued against the wishes of the decedent.

From an examination of the transcript it appears that the following documents are not included therein:

(a) Petition To Construe Will and For Determination of Heirship.

(b) Last Will and Testament of Elizabeth Young Lebo.

(c) Proof of Death of Howard D. Thomas, the named Executor, as required by Burns' Indiana Statutes, § 7-407.

(d) Notice to Heirs of Appellant's Petition to be appointed Administrator as required by Burns' Indiana Statutes, § 7-401.

(e) Renunciation of right to be named Executor by G. H. Warne, as required by Burns' Indiana Statutes, § 7-402.

(f) Waiver of Heirs and Next-Of-Kin of their right to be first considered as Administrator as required by Burns' Indiana Statutes, § 7-402.

(g) Order of Court directing the Clerk to issue Letters of Administration to appellant. Burns' Indiana Statutes, § 7-404.

(h) Bill of Exceptions relative to appointment of appellant.

(i) Letters of Administration issued to appellant.

(j) Bill of Exceptions relative to the removal of appellant.

The appellant's brief contains an allegation that a purported copy of the will is set forth therein as "Exhibit A". At Page 49 of said appellant's brief is a Codicil to the Will dated August 24, 1954, in which the original appointment of appellant as Executor was specifically revoked, and in which Howard D. Thomas or G. H. Warne were nominated as Executor. Nowhere in the transcript does any explanation appear as to why G. H. Warne was not appointed upon the death of Howard Thomas, nor is there any explanation why appellant was appointed after decedent specifically indicated that she did not wish appellant to serve.

It is our opinion that in view of the court's findings and reasons given for the removal of appellant, the ten documents above referred to should have been incorporated in the tran-

script in order to present and demonstrate error on the part of the trial court.

The original praecipe and the "Subsequent Praecipe" limit the items to be included in the transcript. None of the documents, motions, petitions or orders having to do with appellant's administration of the estate are set out. Even the "Petition to Construe Will" is omitted. The briefs of the parties that were submitted and referred to in the court's order removing appellant are not to be found in the transcript. A transcript of the evidence heard at the time the Farmers Loan and Trust Company was appointed Administrator is not made a part of the record by a bill of exceptions, although the Court in its removal order found that the original Letters of Administration had been "improperly issued and issued against the wishes of the decedent". It is quite apparent to us that the Tipton Circuit Court reviewed its entire record of this estate and not just the petition to remove and appellant's response thereto in reaching its decision. The failure to request that all matters essential to present the questions involved below be included in the transcript requires a dismissal of this appeal. *Allen* v. *Gavin, Administrator* (1891), 130 Ind. 190, 29 N. E. 363; *Smith* v. *Switzer* (1933), 205 Ind. 404, 186 N. E. 764.

It is quite apparent that the transcript is completely inadequate to present the questions sought to be reviewed.

This court is reluctant to decide cases strictly on matters of procedure. However, the matters presented in the respective petitions of the appellees to dismiss or affirm this appeal and in the two briefs filed by the respective appellees, present errors in procedure which involve the jurisdiction of this court to hear this appeal. It is our position that when a matter of procedure raises a question of jurisdiction, it is incumbent upon us to decide such questions to determine our jurisdiction.

It is, therefore, our opinion that the respective petitions to dismiss or affirm this appeal filed by the appellee Leonette Manning and appellee Eugene R. Chance, Administrator CTA of the Estate of Elizabeth Y. Lebo, deceased, should each be sustained and this appeal should be dismissed.

Appeal dismissed.

Cook, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 52.