**Thomas IANNARELLI, Appellant,**

v.

**Rogers B. MORTON, Secretary of the Department of the Interior, et al.**

No. 71–1647.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 5, 1972.

Decided July 10, 1972.

Thomas Iannarelli, pro se.

Robert E. Kopp, Walter H. Fleischer, Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Louis C. Bechtle, U. S. Atty., for appellees.

Before SEITZ, Chief Judge, GIBBONS and MAX ROSENN, Circuit Judges.

180

## OPINION OF THE COURT

PER CURIAM:

Plaintiff was dismissed as an employee of the National Park Service. His dismissal was based on three separate charges of misconduct. On review, the Civil Service Commission ("Commission") sustained the decision of the Park Service as to all three grounds. Plaintiff then commenced this suit in the district court challenging his discharge and seeking reinstatement and back pay. The district court limited its inquiry to procedural error and, finding none, denied the relief requested. On appeal this Court remanded the case to the district court for reconsideration in light of the intervening decision in Charlton v. United States, 412 F.2d 390 (3d Cir. 1969). Charlton authorized substantive court review of Commission action when, as here, the plaintiff directly challenges a Commission finding of fact.

Jurisdiction was retained in this Court pending the district court's disposition of the case on remand. The court there determined that, while the second and third charges were supported by substantial evidence, the first charge was unsubstantiated since it involved the element of specific intent and the record lacked any finding by the Commission that plaintiff possessed such intent. The district court, 327 F. Supp. 873, remanded the case to the Commission for further findings as to (a) whether plaintiff in fact possessed the specific intent necessary under the first charge; and, if not, (b) whether the second and third charges were sufficient of themselves to justify plaintiff's dismissal.

Plaintiff here appeals the remand by the district court to the Commission. His only contention requiring discussion is that the terms of this Court's order remanding the case to the district court did not permit that court further to remand the case to the Commission. We need not decide this contention since, having retained jurisdiction, we are free to treat the district court's action as a recommendation that this Court remand plaintiff's cause to the district court with instructions that it order a remand to the Commission for supplementation of the existing record. It is evident that the district court cannot properly review the merits of the Commission's decision on the basis of the limited record now before it. Therefore, we agree that a remand to the Commission would be appropriate to dispose correctly of plaintiff's appeal.

The cause is remanded to the district court for the entry of an order retaining jurisdiction in that court but remanding the record to the Commission for appropriate supplementation of the record.