RODNEY A. LOGAL *v.* WILLIAM C. CRUSE, JERRY W. COOK, BILLY D. MARTIN, RANDALL CZEKAJ AND WILLIAM J. MAHAN.

[No. 3-675A106. Filed December 8, 1975.]

*Michael L. Muenich, Hand and Muenich,* of Hammond, for appellant.

*Dale E. Custer, Stults, Custer, Kutansky & McClean,* of Gary, for appellee Billy D. Martin, *Karen L. Hughes, Larry G. Evans, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellee William C. Cruse, *Rudy Lozano, Sam J. Bernadi, Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellee Randall Czekaj, *Frank Galvin, Jr., Edmond J. Leeney,* of Hammond,, for appellee Jerry W. Cook.

HOFFMAN, J.—Defendants-appellees William C. Cruse, Billy D. Martin and Randall Czekaj have filed separate motions to dismiss this appeal, alleging that the trial court was without jurisdiction to enter a judgment. Plaintiff-appellant Rodney A. Logal has not responded to such motions.

The record of this cause discloses that on November 9, 1973, the Porter Superior Court dismissed an action between these parties for the plaintiff Logal's failure to comply with certain sanctions previously ordered by such court. An appeal was perfected from that judgment and is presently pending in this court as Cause No. 3-773A120.

After such appeal was perfected to this court, Logal obtained new counsel who filed in the trial court a "Petition to Reinstate" such action pursuant to Ind. Rules of Procedure,

Trial Rule 60(B). Such petition was denied. Logal then filed a motion to correct errors directed to the denial of such petition. This motion was overruled and the present appeal was perfected.

Appellees contend that after the first appeal was perfected by the filing of the record of the proceedings in this court, the trial court lost its general jurisdiction over the cause, and had no jurisdiction to entertain Logal's "Petition to Reinstate." A long line of precedential case law is supportive of this position.

In *Westfall* v. *Wait* (1903), 161 Ind. 449, at 451, 68 N.E. 1009, at 1010, our Supreme Court stated:

> "It seems to be thoroughly settled by the decisions of the American courts that an appeal from a final judgment rendered generally upon the issues in a cause, when properly perfected, carries the whole case embraced within the final adjudication absolutely from the jurisdiction of the trial court to the appellate tribunal. Elliott, App. Proc., § 541. The rule is tersely stated in the text of 2 Ency. Pl. & Pr., 327, thus: 'Where an appeal has been perfected, the jurisdiction of the appellate court over the subject-matter and parties attaches, and the trial court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded.' Citing many authorities. In *State, ex rel.* v. *Kolsem*, 130 Ind. 435, 14 L.R.A. 566, this court used the following language: 'If the appellees had perfected their appeal, there could be no doubt that the case would have been entirely removed from the jurisdiction of the trial court.'
>
> "At the bottom of the rule is the infeasibility of two courts having authority over the same case at the same time. ***." Similarly, *see: Lake County Department, etc.* v. *Roth* (1961), 241 Ind. 603, 174 N.E.2d 335; *State* v. *Gurecki* (1954), 233 Ind. 383, 119 N.E.2d 895; *Farmers L. & T.* v. *Manning et al.* (1968), 142 Ind. App. 519, 236 N.E.2d 52.; *Kragulac et al.* v. *Marich et al.* (1967), (on petition for rehearing), 142 Ind. App. 529, 549, 236 N.E.2d 58 (transfer denied).

This rule was recently reaffirmed by our Supreme Court in *Bright* v. *State* (1972), 259 Ind. 495, 289 N.E.2d 128.

In *Bright,* the appellant had filed an appeal from his conviction, and during the pendency of such appeal returned to the trial court to file a petition for post-conviction relief. Upon the denial of such petition, he filed a second appeal. Our Supreme Court dismissed such subsequent appeal, stating:

> "At the time the appellant filed his motion to correct errors and transcript of record in this Court in the first appeal, the entire cause was removed from the trial court to this Court thereby depriving the trial court of any further jurisdiction over the action. 2 I.L.E. *Appeals* § 231 (1957). We, therefore, hold the appellant was premature in filing his verified motion for post-conviction remedy in the trial court at a time when the same cause of action was pending in this Court on appeal." (At 496 of 259 Ind., at 129 of 289 N.E.2d.)

Similarly, in the case at bar when Logal perfected his appeal from the original judgment of dismissal by filing the record of the proceedings with the clerk of this court, the trial court lost its general jurisdiction of the case. Thus, the purported proceedings on Logal's "Petition to Reinstate" in the trial court were a nullity, and this attempted appeal must be dismissed.

The motions to dismiss heretofore filed in this cause are sustained, and this appeal is dismissed.

Appeal dismissed.

Garrard, J., concurs with opinion; Staton, P.J. dissents with opinion.

CONCURRING OPINION

GARRARD, J.—Because of the recent reaffirmance in *Bright* v. *State* (1972), 259 Ind. 495, 298 N.E.2d 128, of the doctrine that the trial court loses jurisdiction to further review its decision after an appeal is perfected and while it pends, I am compelled to concur in the dismissal.

However, I join Judge Staton in believing that while several courts should not be simultaneously engaged in reviewing

a decision, some procedure should be adopted which would protect the losing party's access to the various remedies provided by our codes of procedure and permit consolidation of the issues presented so that a prompt and efficacious determination may be reached.

## DISSENTING OPINION

STATON, P.J.—I dissent. Indiana Rules of Procedure, Trial Rule 60(B) permits a motion to be filed within a year after judgment.[1] The Rule provides in part:

> "(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings; . . ."

The expressed purposes of the Rule should not be frustrated or forfeited by an appeal from the trial court's first appealable judgment[2] which has a singularly different purpose—correction of an alleged error committed during trial which has been brought to the trial court's attention. A new procedural Rule

---

1. TR. 60(B) provides in part:

"The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken. . . ."

2. TR. 56(C). A summary judgment on less than all the issues. Also see TR. 54.

is needed for a functional TR. 60(B) where an appeal has been taken from the trial court's judgment.[3]

Several solutions have been adopted by the federal courts. First, the Rule 60(b) movant presents his grounds for relief to the court of appeals, and it decides whether the cause should be remanded for a hearing on the motion. *Weiss* v. *Hunna* (2d Cir. 1963), 312 F.2d 711, *cert. denied*, 83 S.Ct. 1920, 374 U.S. 853, 10 L.Ed.2d 1073; *Zig Zag Spring Co.* v. *Comfort Spring Corp.* (3d Cir. 1953), 200 F.2d 901. Second, the Court of Appeals grants permission to the trial court to hear the Rule 60(b) motion. *Diapulse Corp. of America* v. *Curtis Pub. Co.* (2d Cir. 1967), 374 F.2d 442. Third, if the Rule 60(b) motion is filed with the trial court and it indicates that the motion will be granted, then the movant may make an application to the Court of Appeals for remand of the cause to the trial court. *Iannarelli* v. *Morton* (3d Cir. 1972), 463 F.2d 179; *Canadian Ingersoll-Rand Co.* v. *Peterson Prods. of San Mateo, Inc.* (9th Cir. 1965), 350 F.2d 18; *Aune* v. *Reynders* (10th Cir. 1965), 344 F.2d 835; *Ryan* v. *U.S. Lines Co.* (2d Cir. 1962), 303 F.2d 430; *Binks Mfg. Co.* v. *Ransburg Electro-Coating Corp.* (7th Cir. 1960), 281 F.2d 252, *cert. dismissed*, 366 U.S. 211, 81 S.Ct. 1091, 6 L.Ed.2d 239. Fourth, a Rule 60(b) movant is permitted to appeal from the denial of his motion. The appeal from the original judgment and the denial of the Rule 60(b) motion are considered at the same time and as a single appeal by the court of appeals. *Ferrell* v. *Trailmobile, Inc.* (5th Cir. 1955), 223 F.2d 697; *Aune* v. *Reynders, supra; Binks Mfg. Co.* v. *Ransburg Electro-Coating Corp., supra.*

In *Ferrell* v. *Trailmobile, Inc., supra,* 223 F.2d at 699, the court suggested the following rationale:

3. *Bright* v. *State* (1972), 259 Ind. 495, 289 N.E.2d 128, is not applicable to a TR. 60(B) one-year limitation. The purpose for filing post-conviction relief is different from the TR. 60(B) purpose. Secondly, a TR. 60(B) is generally used in civil rather than criminal cases.

". . . . A party who considered himself entitled to relief both under Rule 60(b) and also by appeal, might, on occasion, be required to elect between the two remedies, if appeal deprived the district court of jurisdiction to consider the motion under Rule 60(b). The construction suggested by the Seventh Circuit makes both remedies available, and we think that is the right course. We think, therefore, that this Court has jurisdiction to consider not only the appeal from the original final judgment, but the appeals from the judgment denying relief under Rule 60(b) . . ."

I would deny the motion to dismiss and consolidate both appeals. Final disposition of litigation in which a TR. 60(B) motion has been filed would be advanced and the certainty of a forced election avoided.

NOTE.—Reported at 338 N.E.2d 309.